■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL SAGGESE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered January 30, 1986, convicting him of robbery in the first degree (two counts), burglary in the first degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that his counsel's failure to request youthful offender treatment and to negotiate a plea involving a promise of a lesser sentence than that imposed denied him his right to effective assistance of counsel. We disagree. During the plea allocution the prosecutor indicated on the record that the People originally sought consecutive terms of imprisonment but as a result of negotiations agreed to support a plea to four counts in full satisfaction of the 12-count indictment and to a sentence of 10 to 20 years on the top count involving a plea to a class B armed violent felony offense. The maximum sentence the defendant faced on a conviction on the top count was 12½ to 25 years (see, Penal Law § 70.02 [2] [a]; [3] [a]; [4]). It is evident upon this record and in view of the seriousness of the crimes charged that defense counsel advised the defendant to accept the plea offer in order to reduce the defendant's sentencing exposure. In so doing, the defendant's attorney afforded the defendant meaningful representation, thus satisfying his constitutional right to the effective assistance of counsel (see, People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137).

Furthermore, because the sentence imposed was the result of a negotiated plea, the defendant cannot now complain that the sentence was unduly harsh or excessive (see, People v Perkins, 130 AD2d 521, lv denied 70 NY2d 716; People v Kazepis, 101 AD2d 816). Thompson, J. P., Niehoff, Eiber, Sullivan and Harwood, JJ., concur.