■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEGGY MOORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered October 20, 1988, convicting her of attempted criminal sale of a controlled substance in the third degree, upon her plea of guilty, and sentencing her to an indeterminate term of 1½ to 4½ years' imprisonment.

Ordered that the judgment is affirmed.

The defendant's contention that the court improperly imposed a greater sentence than that which had been promised was not preserved for appellate review as she did not object nor did she move to vacate her plea *(see, People v Belsito,* 130 AD2d 583; *People v Polanksy,* 125 AD2d 342; *People v Ifill,* 108 AD2d 202). In any event, the court had clearly conditioned the promised sentence upon, *inter alia,* the defendant's cooperation with the Probation Department. The defendant failed to fulfill that condition and the proffered explanation for such failure was vague, unsubstantiated and insufficient *(see, People v Asencio,* 143 AD2d 917).

We find that the defendant was not denied the effective assistance of counsel. A review of the record shows that acceptance of the plea offer greatly reduced the defendant's sentencing exposure. In advising the defendant to accept that offer, her attorney afforded her meaningful representation and thereby satisfied the constitutional requirements *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *People v Rivera,* 71 NY2d 705; *People v Saggese,* 135 AD2d 669, 670; *People v Hidalgo,* 120 AD2d 675). Defense counsel's failure to move to withdraw the defendant's plea or to object to the enhanced sentence cannot be characterized as ineffective assistance of counsel since vacatur of the plea would have exposed the defendant to a substantially greater period of incarceration if she were convicted under the original charges. Lawrence, J. P., Kunzeman, Eiber and Harwood, JJ., concur.