■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDY CUADRADO, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered November 4, 1988, convicting defendant, upon his plea of guilty, of murder in the second degree and sentencing him to an indeterminate term of imprisonment of from 23 years to life, unanimously affirmed.

Before the court accepted his guilty plea, defendant explained that in September of 1987, he reached an agreement with Spiro Varsos whereby he would kill a certain man for a sum of money. After Varsos provided him with a gun, defendant and Ivan Santiago stalked their victim who defendant then shot and killed. Defendant acknowledged that as part of his negotiated plea, he was to receive a prison sentence of from 15 years to life provided that if he was called as a witness at the trial against Varsos and/or Santiago, he would testify in substantial accordance with the account of the incident he had given at the plea proceeding. Additionally, the People indicated that they would endeavor to have defendant serve his time in a facility outside the New York State correctional system and would relocate his wife and child.

Defendant, his counsel, and the prosecutor were given an opportunity to modify, add to or amend the agreement to the extent that the court had not fully stated it on the record. The prosecutor stated that defendant had also agreed to testify

truthfully in all proceedings. Defendant's attorney noted that the prosecutor correctly expressed the agreement.

Defendant testified at Varsos' trial which ended in a hung jury. He then refused to testify at the retrial of Varsos even though he had been warned that a refusal to do so would be a violation of his plea agreement. Defendant moved to withdraw his plea on the ground that he had pleaded guilty under the mistaken impression that he would be required to testify at only one trial. The motion was denied and defendant was sentenced as noted in light of his failure to fulfill his part of the plea agreement.

Defendant asserts that the plea bargain he negotiated should be enforced in its entirety since he substantially performed his part of the bargain by testifying truthfully at Varsos' first trial. Whether a defendant has in fact performed his end of a plea bargain is not tested by the defendant's subjective interpretation but rather by an objective interpretation of the agreement *(People v Cataldo,* 39 NY2d 578, 580). It is clear that defendant in this case did not fulfill his part of the bargain. The plea agreement required defendant to testify truthfully in all matters involving the case and not just at a first trial of Varsos. Since defendant refused to testify at the retrial of Varsos, he breached his plea agreement and the court was not bound to enforce it. Concur—Kupferman, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.