■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLORIA ELLIS, Also Known as DIANE GRAHAM, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered April 7, 1989, convicting her of attempted criminal sale of a controlled substance in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court improperly imposed a greater sentence than that which had been promised was not preserved for appellate review as she neither objected to the sentence as violative of the sentence commitment nor moved to vacate her plea *(see, People v Moore,* 155 AD2d 696; *People v Ifill,* 108 AD2d 202). In any event, a review of the record discloses that the original plea agreement was modified, with the consent and knowledge of the defendant and the prosecutor, at a subsequent hearing on the defendant's application to be released on her own recognizance pending sentence, in order to enable her to visit her gravely ill sister and to begin a drug rehabilitation program. Bail had been previ-

ously set at $10,000. In determining the application, the court properly considered, pursuant to CPL 510.30 (2) (a), alternative "kind[s] and degree[s] of control or restriction" that were necessary to secure the defendant's attendance at sentence. To accomplish this purpose, the court clearly conditioned the promised sentence, *inter alia,* upon the defendant's appearance on the date scheduled for sentencing and upon her cooperation with a T.A.S.C. (Treatment Alternatives to Street Crime) caseworker, including her enrollment and attendance in a drug rehabilitation program. The defendant acknowledged that she understood that if she did not comply with these conditions, the court would impose a harsher sentence than that promised in consideration of her plea of guilty. Thereafter, the defendant failed to fulfill either condition and she was arrested on a bench warrant. The proffered explanation for her noncompliance was incredible, unsubstantiated and insufficient. Accordingly, the court was free to impose a more severe sentence, which was not excessive *(see, People v Moore, supra; People v Caridi,* 148 AD2d 625; *People v Betheny,* 147 AD2d 488; *People v Raife,* 146 AD2d 652; *cf., People v Rosenberg,* 148 AD2d 346; *People v Clarke,* 145 AD2d 565; *People v Annunziata,* 105 AD2d 709; *see also, Innes v Dalsheim,* 864 F2d 974). Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.