■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY LEE, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Richmond County (Kuffner, J.), imposed February 8, 1989, upon his conviction of assault in the second degree, attempted burglary in the second degree, burglary in the third degree, and criminal possession of stolen property in the fourth degree, upon his plea of guilty, the sentence being four consecutive terms of one and one-half to four and one-half years imprisonment.

Ordered that the sentence is modified, on the law, by reducing the term of imprisonment for criminal possession of stolen property in the fourth degree from one and one-half to four and one-half years to one and one-third to four years; as so modified, the sentence is affirmed.

The defendant was expressly warned by the court that if, without permission, he left a drug rehabilitation program into which he had been placed, then the court would impose a sentence of four consecutive terms of two and one-third to seven years. When he later absconded from the program in violation of the court's condition, an enhanced sentence was imposed. The defendant cannot be heard to complain that consecutive terms of imprisonment were excessive *(see, People v McNiell,* 164 AD2d 951; *People v Moore,* 155 AD2d 696). Not only was the sentence imposed less than that which was promised, but we do not find any extraordinary circumstances which would warrant our disturbing the sentencing court's discretion. We modify the sentence solely to reduce the term of imprisonment imposed for criminal possession of stolen property in the fourth degree from one and one-half to four and one-half years to one and one-third to four years *(see,* Penal Law § 70.00 [2] [e]). As the People concede, that portion of the sentence is illegal. Mangano, P. J., Bracken, Eiber, Balletta and Rosenblatt, JJ., concur.