■ JOHN A. WALKER, Appellant, v NEW YORK CITY DEPARTMENT OF BUILDINGS et al., Respondents.—Judgment, Supreme Court, New York County (Herman Cahn, J.), entered on July 13, 1990, unanimously affirmed for the reasons stated by Herman Cahn, J., without costs. No opinion. Concur—Sullivan, J. P., Milonas, Ross, Asch and Smith, JJ.

(September 19, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO CURET, Also Known as RAPHAEL JULIO CURET, Also Known as JAVIER RODRIGUEZ, Appellant.—Judgment, Supreme Court, Bronx County (John Byrne, J., at plea and sentence), rendered April 28, 1989, convicting defendant, upon his pleas of guilty, of manslaughter in the first degree, attempted murder in the second degree, and robbery in the first degree, and sentencing him to consecutive indeterminate terms of 8⅓ to 25 years for the manslaughter count and 4 to 12 years for the attempted murder count, both to run concurrently to a term of 5 to 15 years on the robbery count, unanimously affirmed.

The trial court properly exercised its discretion in denying the defendant's application at sentencing to withdraw his previously entered pleas of guilty based on his misunderstanding of the difference between concurrent and consecutive sentences. The sentencing court kept the promises it made at the time it accepted a plea of guilty. The record reveals the defendant's pleas were made intelligently, knowingly and voluntarily *(People v Harris,* 61 NY2d 9), and his responses to the questions propounded during his allocution belie the claim of difficulty in understanding his interpreter or the nature of underlying proceedings. *(People v Bermudez,* 157 AD2d 533, *lv denied* 75 NY2d 964.)

Finally, the defendant's contention that the sentence was excessive and unduly harsh is without merit. Concur—Murphy, P. J., Carro, Milonas and Kupferman, JJ.