■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO MONCION, Appellant.—Judgment, Supreme Court, New York County (Bernard J. Fried, J.), rendered June 12, 1991,

convicting defendant, upon a plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a term of imprisonment of 1-½ to 4-½ years, to run consecutively to a term of imprisonment of 4 years to life previously imposed in connection with an unrelated felony conviction in Supreme Court, Westchester County, unanimously affirmed.

The record clearly indicates that defendant entered a voluntary, knowing and intelligent guilty plea *(see, e.g., People v Harris,* 61 NY2d 9). Defendant specifically acknowledged his understanding that if he failed to comply with the court's conditions that he return on the scheduled sentence date, not commit any other crime, and fully cooperate with the probation department, the promised sentence of probation would be negated, the court would not permit a withdrawal of the plea, and the court would be free to impose a maximum sentence of 2-⅓ to 7 years imprisonment.

Defendant's subsequent conviction, upon plea of guilty, of criminal possession of a controlled substance in the second degree constituted a clear breach of the plea agreement herein.

The IAS court properly denied defendant's motion to withdraw his plea, finding defendant's claims of coercion and insufficient plea allocution to be motivated by his breach of the plea agreement and belied by the record. Additionally, the court did not abuse its discretion in imposing sentence, which is both within the sentencing guidelines and more favorable to defendant than the maximum permitted sentence to which defendant was subject *(see, e.g., People v Ellis,* 162 AD2d 701, *lv denied* 76 NY2d 892). Concur—Sullivan, J. P., Carro, Ross, Asch and Smith, JJ.