■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAO B. COSTA, Appellant.—Appeal from a judgment of the County Court of Sullivan County (Lamont, J.), rendered July 1, 1991, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

We reject defendant's argument that he should have been allowed to withdraw his guilty plea prior to County Court's imposition of a harsher sentence than that agreed to in the plea bargain. By fleeing to Brazil, defendant failed to honor his part of the bargain to assist the police in their drug investigations. Where, as here, a defendant fails to fulfill an explicit condition of the sentencing agreement, a sentencing court need not permit withdrawal of a guilty plea *(see, People v McDaniels,* 111 AD2d 876; *see also, People v Ellis,* 162 AD2d 701, *lv denied* 76 NY2d 892; *People v Cuadrado,* 161 AD2d 232, *lv denied* 76 NY2d 855). Further, defendant's responses to questions during his plea allocution belie his claim that he had difficulty understanding his interpreter *(see, People v Curet,* 176 AD2d 160, *lv denied* 78 NY2d 1127). Finally, assuming that defendant is correct in arguing that the interpreter used during his plea allocution was not appointed in accordance with the Judiciary Law, such an irregularity does not invalidate the interpreter's actions *(see, People v Rossney,* 178 AD2d 765, *lv denied* 79 NY2d 1007; *Matter of County of Ontario v Western Finger Lakes Solid Waste Mgt. Auth.,* 167 AD2d 848, *lv denied* 77 NY2d 805; *see also,* Public Officers Law § 15).

Weiss, P. J., Mercure, Crew III, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.