■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTINE M. THOMPSON, Appellant. [597 NYS2d 523] —Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered November 29, 1991, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the second degree (two counts), criminal possession of a forged instrument in the second degree, criminal trespass in the third degree and criminal mischief in the fourth degree.

Defendant waived her right to indictment and pleaded guilty to two counts of attempted burglary in the second degree, criminal possession of a forged instrument in the second degree, criminal trespass in the third degree and criminal mischief in the fourth degree. The People agreed not to recommend a specific sentence contingent upon defendant's successful completion of treatment at a drug rehabilitation center prior to sentencing. Sentencing was then adjourned for six months. Defendant's sentencing was again adjourned for a calculation of the restitution owed. At that adjournment,

County Court indicated that upon defendant's successful completion of her treatment program she would be sentenced to time served and restitution as well as a period of probation. Finally, at sentencing defendant admitted that she had been unable to successfully complete her treatment program. County Court then sentenced her as follows: concurrent prison sentences of 1⅓ to 4 years for each conviction of attempted burglary in the second degree; 1 to 6 years for the conviction of possession of a forged instrument in the second degree, to run consecutively to the sentences for attempted burglary in the second degree; and three months for the other two convictions, to run concurrently to each other and the other sentences. Defendant appeals, contending that both the People and County Court violated the terms of the plea agreement.

Initially, we find that by failing to object at sentencing or to move to vacate her plea, defendant did not preserve this issue for appellate review (see, People v Ellis, 162 AD2d 701, lv denied 76 NY2d 892; People v Moore, 155 AD2d 696). In any event, defendant admittedly failed to comply with an explicit condition of her plea agreement. County Court was therefore free to impose whatever sentence it felt appropriate without offering defendant a chance to withdraw her guilty plea (see, People v McDaniels, 111 AD2d 876; see also, People v Ellis, supra; People v Cuadrado, 161 AD2d 232, lv denied 76 NY2d 855). Similarly, the People were not required to fulfill their agreement not to recommend a sentence given defendant's failure to meet an express condition of the plea agreement (see, People v Campbell, 175 AD2d 612, lv denied 78 NY2d 1074).

Weiss, P. J., Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.