THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD GRIFFIN, Appellant. [640 NYS2d 161]

The issue of whether the People made a prima facie showing of a reverse-*Batson* violation by the defense was rendered academic when the defense offered its race-neutral explanations without first objecting to the court's finding of a prima facie case *(see, Hernandez v New York,* 500 US 352, 359; *People v Thomas,* 210 AD2d 515; *People v Jones,* 204 AD2d 485).

The charge to the jury relating to the defendant's flight, read as a whole, conveyed the proper standards to the jury *(see, People v Coleman,* 70 NY2d 817; *People v Harrison,* 151 AD2d 501).

The court conducted a pretrial *Rodriguez* hearing to determine whether a witness was sufficiently familiar with the defendant so that any suggestibility in a photographic identification would be vitiated *(see, People v Rodriguez,* 79 NY2d 445). While a defendant has a right to be present so that he may as-

sist his counsel at this material stage of the trial (see, CPL 260.20; see generally, People v Antommarchi, 80 NY2d 247; People v Dokes, 79 NY2d 656; People v Velasco, 77 NY2d 469; People v Williams, 186 AD2d 161), the defendant may forfeit that right by deliberately absenting himself from the proceedings (see, People v Brooks, 75 NY2d 898; People v Sanchez, 65 NY2d 436). Here, the record shows that while the defendant was present in the courthouse, he deliberately absented himself from the hearing.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Ritter, Altman and Hart, JJ., concur.