■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN HARRIS, Appellant. [663 NYS2d 996] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered October 16, 1992, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN HARRIS, Appellant. [661 NYS2d 245] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered October 16, 1992, convicting him of attempted murder in the second degree, robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly denied his motion to suppress identification testimony and the physical evidence obtained incident to his arrest. The police officers had a reasonable suspicion that the defendant had committed a crime based upon their fellow officer's radio communication, which was transmitted after a discussion with the complainant. Consequently, their pursuit of the defendant was lawful (see, People v Martinez, 80 NY2d 444), and when the officers observed the defendant discard a gun, they had probable cause to arrest him (see, People v Leung, 68 NY2d 734). Further, the prompt showup near the crime scene following the defendant's arrest a few minutes after the crime was not improper (see, People v Duuvon, 77 NY2d 541).

The defendant's contention that the trial court improperly granted the prosecutor's Batson application (see, Batson v Kentucky, 476 US 79) and rejected his peremptory challenge to a juror is without merit. The issue of whether a prima facie case of discrimination was established is academic, since the defense

proffered its purported race-neutral explanations without objecting to the court's finding of prima facie discrimination *(see, Hernandez v New York,* 500 US 352; *People v Griffin,* 225 AD2d 792; *People v Manswell,* 223 AD2d 561). The defense counsel's initial, purported explanation that the exercise of the challenge was not racially motivated was insufficient, as it amounted to no explanation *(see, People v Stewart,* 238 AD2d 361). His subsequent belated reason for exercising the challenge was clearly pretextual, as it was prompted by a comment from the court.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crime of attempted murder in the second degree beyond a reasonable doubt, based upon an acting in concert theory. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict on that count was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The imposition of a consecutive sentence for the defendant's conviction of criminal possession of a weapon in the third degree was permissible. The defendant's possession of the weapon was a separate act which occurred when the codefendant handed him the gun after the robbery, and shooting had been completed *(see, People v James,* 221 AD2d 658). Thompson, J. P., Joy, Altman and Florio, JJ., concur.