■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY LEWIS, Appellant. [673 NYS2d 938] —Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered March 5, 1997, convicting him of resisting arrest and criminal contempt in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

Appellate review of most of the issues raised by the defendant are precluded by his waiver of the right to appeal (*see, People v Callahan,* 80 NY2d 273). In any event, the defendant's arguments are without merit (*see,* Penal Law § 70.15 [1]; § 70.25; *People v Moore,* 155 AD2d 696; *People v Weaver,* 216 AD2d 341; *People v Kazepis,* 101 AD2d 816; *People v Suitte,* 90 AD2d 80). Mangano, P. J., Bracken, Krausman and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARSHEEN LOVETT, Appellant. [673 NYS2d 939] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered June 20, 1997, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the trial court erred in accepting the People's explanation for challenging a black venireperson during jury selection. The court properly found that the race-neutral reason proffered for the challenge was not pretextual (*see, People v Richie,* 217 AD2d 84). Pizzuto, J. P., Santucci, Altman and Luciano, JJ., concur.