■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD GRIFFIN, Appellant. [685 NYS2d 641] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated March 25, 1996 (*People v Griffin,* 225 AD2d 792), affirming a judgment of the Supreme Court, Kings County, rendered March 22, 1994.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Mangano, P. J., Bracken, Ritter and Altman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL HERNANDEZ, Also Known as OSKAR BABALONIA, Appellant. [687 NYS2d 658] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lebowitz, J.), rendered July 23, 1997, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was not knowingly, voluntarily, and intelligently made is not properly before this Court, as he never sought to withdraw his plea, pursuant to CPL 220.60 (3), nor did he move to vacate his judgment of conviction pursuant to CPL 440.10 (*see, People v Toxey,* 86 NY2d 725; *People v Lopez,* 71 NY2d 662). Furthermore, contrary to the defendant's contention, upon accepting the defendant's plea and placing him on probation, the court was not required to specify the enhanced sentence that would be imposed upon a violation of the probation (*see, People v Ogtong,* 80 NY2d 702, 711, 714).

The defendant's contention that his sentence was excessive is beyond the scope of appellate review, as there is no merit to his claim with regard to the infirmities of his plea and the accompanying waiver of his right to appeal all aspects of his conviction and sentencing (*see, People v Hidalgo,* 91 NY2d 733, 736; *People v Seaberg,* 74 NY2d 1; *People v Kazepis,* 101 AD2d 816). In any event, since the defendant did not move to withdraw his plea pursuant to CPL 440.10 and 440.20, the issue of the excessiveness of his sentence is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Ellis,* 162 AD2d 701; *People v Moore,* 155 AD2d 696). Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.