■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANESSA SPINA, Appellant.—Judgment of the Supreme Court, New York County (Herbert Adlerberg, J.), entered on November 22, 1989, which convicted defendant, upon her plea of guilty, of burglary in the third degree and sentenced her to an indeterminate term of imprisonment of from 1½ to 4½ years, is unanimously reversed, on the law, and the matter remanded for further proceedings.

During the allocution on defendant's guilty plea, the court stated that it would impose a sentence of five years probation for her conviction of burglary in the third degree and that her probation would include intensive supervision and drug counseling. There were no conditions imposed in connection with the plea arrangement. However, at a subsequent calendar call prior to sentencing, the court announced that it would release defendant for an immediate interview with the intensive supervision unit and would defer sentencing and then, for the first time, declared that the sentence of probation was dependent upon her cooperating with the probation department, having no additional arrests and appearing on the sentencing date. When defendant did not return to court on the scheduled date and failed to attend the substance abuse program, she was picked up on a bench warrant. The court, noting that defendant had violated the conditions under which she had been offered probation, sentenced her to a term of incarceration of 1½ to 4½ years after denying her motion to withdraw her plea.

Although a court may impose a sentence greater than the one originally promised if that sentence is contingent upon compliance with certain conditions and the defendant does not discharge those requirements (People v Dremeguila, 166 AD2d 196; People v Hladky, 158 AD2d 616), the court in the instant situation did not, at the time of the plea, prescribe any rules that defendant had to observe in order to receive probation. Only later did the court decide to make the sentence of probation subject to defendant's adherence to certain conditions. In effect, the court, on its own initiative, placed defendant on interim probation after conviction but before sen-

tence, and this is impermissible *(People v Rodney E.,* 77 NY2d 672)*. As the Court held in *People v Rodney E. (supra,* at 676), it is improper for a court to base "the sentence in part on allegations that the defendant had violated the conditions of the interim probation. Thus the sentence should be set aside, and the defendant should be resentenced. We note that if the court finds that it is unable to impose the sentence which was agreed upon when the defendant pleaded guilty, the defendant should be permitted to withdraw the plea". The Court explained *(supra,* at 674-675) that: "Courts have power to sentence persons convicted of specified crimes to serve a period of probation (Penal Law § 65.00), but as the Appellate Division recognized and the prosecutor concedes, there is no express statutory authority for 'interim probation' pending the sentence. Nor can such authority be inferred from the court's power to prescribe the contents of a presentence probation report. The court, of course, may consider the defendant's activities after conviction in determining the appropriate sentence, and may direct the Probation Department to include such information in the presentence report (CPL 390.30 [1]). But probation involves more than reporting; it also requires the Probation Department to supervise the defendant's activities to insure compliance with the conditions of probation imposed by the court, as indeed the court ordered the agency to do in this case. The Probation Department's supervisory powers, however, are conferred by the Legislature (Executive Law §§ 243, 255), and under the existing statutes the Department only assumes this supervisory role with respect to persons convicted of a crime, after the defendant has been sentenced to a term of probation and not before (CPL 410.50 [2]; Penal Law § 65.10 [3]). Thus in this State, probation is only available as a sentencing option; there is no statute which, expressly or by implication, permits a court to place a person convicted of a crime on probation before sentence is imposed."

Clearly, there is a distinction between making the promised sentence contingent upon the defendant's behavior, on the one hand, and unilaterally imposing a period of probation upon the defendant, on the other. What the court did was to invoke the latter option, and this is simply not allowed *(People v Rodney E., supra).* Consequently, defendant should have been allowed to withdraw her plea. Concur—Milonas, J. P., Wallach, Kupferman and Smith, JJ.