■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEASE JAMISON, Appellant. [604 NYS2d 766] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Leis, J.), rendered September 22, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY JOHNSON, Appellant. [602 NYS2d 678] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered September 3, 1992, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, to permit the defendant an opportunity to withdraw his plea of guilty, and for further proceedings on the indictment.

By postponing the defendant's sentence after his plea of guilty, placing him with a drug treatment program, and promising him that it would vacate his plea if the defendant successfully completed the program, the court impermissibly placed the defendant on interim probation. Accordingly, it was improper for the court to impose an increased sentence when the defendant failed to successfully complete the program, without affording him an opportunity to withdraw his plea *(see, People v Rodney E.,* 77 NY2d 672; *People v Spina,* 186 AD2d 9). Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.