*692 OPINION OF THE COURT
Herbert Kramer, J.
Plaintiff moves to withdraw his plea pursuant to the Appellate Division decision in People v Johnson (197 AD2d 638).
Defendant in the Johnson case (supra) as well as defendant in the instant case, both predicate felons, took pleas to a 13-felony which mandated a minimum sentence of 4*A to 9 years and a maximum of 12 Vi to 25 years. Under the plea arrangement, which is known as a TASC (Treatment Alternative to Street Crime) plea, the District Attorney moves to dismiss the felony charges after the defendant completes an in-house drug rehabilitation program lasting from 18 to 24 months. In the event that a defendant absconds, fails to return, does not cooperate with the program or does not graduate, the defendant is then subject to increased periods of incarceration.
The TASC plea was developed by this court, upon application by the District Attorney, in a case involving a cooperating defendant. The District Attorney wished to reward the cooperating defendant, a predicate felon, by dismissing the new indictment. This court, aware of the defendant’s drug addiction and his need to sell drugs to support his habit, developed this arrangement. This plea protected society from continued criminality while affording this cooperative defendant an opportunity to break his habit.
It must be understood that the TASC plea is confined to defendants with limited records which contain no arrests or convictions for violent behavior. Since its adoption, the TASC plea has been used by most Judges presiding over criminal cases in Kings County as well as a number in adjoining counties.
Until the decision in Johnson (supra), the limit to TASC’s State-wide application was the funding necessary for its proliferation. Since its inception, the success rate has been significantly higher than other similar programs. The success of this program is definitely correlated to the certainty of substantial incarceration upon failure.
Defendant herein waived a hearing and pleaded guilty on December 8, 1993 to the specification on the violation of probation (VOP) to testing positive for morphine and thereby violating the conditions of the earlier probation sentence. On December 8, defendant was sentenced to an indeterminate *693 sentence of 5 to 15 years on the VOP concurrent with 6 to 12 years on the predicate felony.
DISCUSSION
The appellate court’s decision in Johnson (supra) was predicated upon the fact that the time of sentence was delayed beyond the statutory mandate and was considered by the Court as "interim probation.” This court has reviewed the entire record of appeal in the Johnson case. The appellant, for very good reason, failed to alert the appellate court that the defendant received a prior probation sentence and was in the "probationary period” during the time in which he was under TASC supervision.
No argument was presented to the Court as to how interim supervision could exist alongside actual supervision in the companion case.
The respondent’s brief in Johnson (supra) acknowledged the fact that a violation of probation was pending in the trial level court. More curiously, the respondent’s brief neither rejected nor advanced the argument that whatever "interim probation” existed under the new TASC plea would be subsumed by actual coexisting probation.
Thus, the appellate court, faced with a less than adequate brief, failed to consider or comment on the question of whether "interim probation” can exist alongside an actual and continuing probation sentence.
The ramification of the Johnson decision (supra) has been explosive. It has forced the suspension of alternative to incarceration strategies that rely on the interim period between a plea and sentence to be effective. It may also affect all such alternatives which suspend prosecution pending a rehabilitative strategy before sentence (Gerges, The Possible End to "TASC Pleas”, NYLJ, Nov. 18, 1993, at 2, col 3).
This court holds that "interim probation” envisioned by the Court of Appeals in People v Rodney E. (77 NY2d 672), and relied on by the Appellate Division in Johnson (supra) is of no application in a case where an existing probation sentence continues alongside TASC supervision.
Penal Law § 65.15 requires that all sentences of probation, as well as conditional discharge, must run concurrently. Thus, an interim probationary period under a TASC plea would be merged and subsumed under the earlier probation sentence. No "interim probation” remains.
*694 Moreover, TASC supervision must be deemed more closely related to a modification of the condition of probation or an enlargement thereof (CPL 410.20), rather than "interim probation” and should be merged into the original probation period.
Since no appellate determination has been made of whether the interim probationary period is subsumed within a currently existing probation, Judges seeking to take a TASC plea should condition the TASC arrangement not only on the new crime but could also enlarge the conditions of an existing probation (CPL 410.20).
For the foregoing reasons, the motion to withdraw the plea is denied.