■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BEIGELMAN, Appellant. [610 NYS2d 817] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered December 16, 1992, convicting him of criminal sale of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the sentence and plea are vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

As the People correctly concede, as part of a plea bargain, the court improperly agreed to place the defendant on interim probation by postponing his sentence to allow him to enter a drug treatment program, and promising him that it would vacate his guilty plea if he successfully completed the program (see, People v Rodney E., 77 NY2d 672; People v Johnson, 197 AD2d 638). Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY BIVENS, Appellant. [610 NYS2d 824] —Appeal by the defendant from an amended judgment of the County Court, Nassau County (Mackston, J.), rendered May 18, 1993, revoking a sentence of probation previously imposed by the same court upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of criminal sale of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the amended judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.