unauthorized use of a vehicle in the third degree under Queens County Indictment No. 539/91, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, also rendered May 11, 1992, convicting him of robbery in the first degree under Indictment No. 7382/90, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

We find that the police officers' testimony indicating that the defendant ran to the stolen vehicle with a jacket underneath his arm was properly admitted to supply background information establishing the basis for the officers' chase of the defendant and to complete the narrative of events leading to the defendant's arrest (see, People v Waite, 183 AD2d 796; see also, People v Wells, 134 AD2d 545).

Error, if any, in the admission of a photograph was harmless in light of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Copertino, Altman and Friedmann, JJ., concur.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SUAREZ, Appellant. [611 NYS2d 212] —Appeal by the defendant from two judgments of the Supreme Court, Kings County (Lipp, J.), both rendered March 1, 1993, convicting him of criminal possession of a controlled substance in the third degree under Indictment No. 3781/91, and criminal sale of a controlled substance in the third degree under Indictment No. 2686/92, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are reversed, on the law, and the matters are remitted to the Supreme Court, Kings County, to permit the defendant an opportunity to withdraw his pleas of guilty and for further proceedings on the indictments.

The Supreme Court impermissibly placed the defendant on interim probation by postponing his sentences after his pleas of guilty, by placing him in a drug treatment program, and by promising him that it would vacate his pleas of guilty and allow him to plead guilty to misdemeanors if he successfully completed the drug treatment program. Accordingly, it was improper for the Supreme Court to impose increased sentences on the defendant when he failed to successfully complete the drug treatment program without affording him an opportunity to withdraw his pleas of guilty (see, People v Rodney E., 77 NY2d 672; People v Johnson, 197 AD2d 638).

Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.