■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS STRONG, Appellant. [614 NYS2d 230] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered August 10, 1993, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, to permit the defendant an opportunity to withdraw his plea of guilty and for further proceedings on the indictment.

The People correctly concede that, as part of the plea agreement, the court improperly agreed to place the defendant on interim probation by postponing his sentence to allow him to enter a drug treatment program and by promising him that it would vacate his guilty plea if he successfully completed the program (see, People v Rodney E., 77 NY2d 672; People v Johnson, 197 AD2d 638; People v Beigelman, 202 AD2d 602). Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE MAC THOMPSON, Appellant. [614 NYS2d 231] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered October 12, 1993, convicting him of criminal sale of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant did not move to withdraw his plea in the court of first instance, and therefore the issue of the propriety of the plea is not preserved for appellate review (see, People v Pellegrino, 60 NY2d 636). In any event, generalized or unsubstantiated claims of innocence do not warrant vacatur (see, People v Carter, 191 AD2d 640).

The defendant's sentence, which was the lowest allowed by law, was not excessive. Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.