■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KALINOSKI, Appellant. [618 NYS2d 56] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered December 4, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, to permit the defendant an opportunity to withdraw his plea of guilty.

As the People correctly concede, the Supreme Court improperly placed the defendant on interim probation by postponing his sentence, placing him with a drug treatment program, and promising him that it would vacate his plea of guilty if he successfully completed the program *(see, People v Johnson,* 197 AD2d 638). We note that the recent amendment of CPL 400.10 permitting interim probation was not intended to have retroactive effect *(see,* CPL 400.10 [4], as added by L 1994, ch 509).

Accordingly, it was improper for the court to impose an enhanced sentence when the defendant failed to successfully complete the program, without affording him the opportunity to withdraw his plea of guilty *(see, People v Johnson supra)*. Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.