■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORRAINE BROWN, Appellant. [618 NYS2d 404] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered September 10, 1993, convicting her of attempted criminal sale of a controlled substance in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, to give the defendant an opportunity to withdraw her plea of guilty.

By postponing the defendant's sentence after her plea of guilty, placing her with a drug treatment program, and promising her that it would vacate the plea and dismiss the case if she successfully completed the program, the court impermissibly placed the defendant on interim probation. Accordingly, it was improper for the court to impose an increased sentence when the defendant failed to successfully complete the program, without affording her an opportunity to withdraw her plea (see, People v Rodney E., 77 NY2d 672; People v Johnson, 197 AD2d 638; People v Spina, 186 AD2d 9). Additionally, the recent enactment of CPL 400.10 (4) (see, L 1994, ch 509), which permits the adjournment of sentencing under certain circumstances, is inapplicable to this case.

Furthermore, we note that the interim probation procedure employed by the court constituted an impermissible attempt to avoid the statutory restrictions on plea bargaining (see, CPL 220.10 [5] [a] [iii]) as well as the mandatory sentencing provisions applicable to predicate felons (see, Penal Law § 70.06 [2], [3]). Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.