◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY JORDAN, Appellant. [619 NYS2d 328] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered June 29, 1993, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, to permit the defendant the opportunity to withdraw his plea of guilty.

By postponing the defendant's sentence after his plea of guilty, placing him with a drug treatment program, and promising that it would vacate the plea and dismiss the case if he successfully completed the program, the court impermissibly placed the defendant on interim probation. The People therefore concede, and we agree, that it was error to impose an increased sentence when the defendant failed to successfully complete the program, without affording him an opportunity to withdraw his guilty plea *(see, People v Rodney E.,* 77 NY2d 672; *People v Johnson,* 197 AD2d 638; *People v Spina,* 186 AD2d 9). The recent enactment of CPL 400.10 (4) *(see,* L 1994, ch 509), permitting interim probation under certain circumstances, is inapplicable to this case *(see, People v Brown,* 208 AD2d 941).

Had the defendant been allowed to withdraw his plea of guilty to criminal possession in the third degree and enter a plea of guilty to a misdemeanor charge upon completing the drug treatment program, as promised by the court, the plea

would have violated CPL 220.10 (5) (a) (iii) *(see, People v Oquendo,* 209 AD2d 728 [decided herewith]).

In light of the foregoing determination, there is no need to address the defendant's claim that the sentence should be reduced in the interest of justice. Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.