THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO OQUENDO, Appellant. [619 NYS2d 668] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Kramer, J.), rendered July 13, 1992, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty under Kings County Indictment No. 5006/91, and imposing sentence, (2) an amended judgment of the same court, also imposed July 13, 1992, revoking a sentence of probation previously imposed by the same court (Rienzi, J.), upon his statement acknowledging a violation of a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree under Kings County Indictment No. 12656/89.

Ordered that the judgment and the amended judgment are modified, on the law, by vacating the sentences imposed thereon; as so modified, the judgment and amended judgment are affirmed, and the matters are remitted to the Supreme Court, Kings County, to permit the defendant an opportunity to withdraw his plea of guilty under Indictment No. 5006/91, and to give the defendant an opportunity to withdraw his statement acknowledging a violation of probation in the event that he withdraws his plea of guilty under Indictment No. 5006/91.

By postponing the defendant's sentence and promising to vacate the defendant's guilty plea upon his completion of a drug treatment program, the court improperly placed the defendant on interim probation. The People therefore concede, and we agree, that it was error to impose an increased sentence when the defendant failed to complete the program, without giving him an opportunity to withdraw his guilty plea to Indictment No. 5006/91 *(see, People v Rodney E.,* 77 NY2d 672; *People v Johnson,* 197 AD2d 638). We note that the recent amendment of CPL 400.10 permitting interim probation was not intended to have retroactive effect *(see,* CPL 400.10 [4], as added by L 1994, ch 509).

Further, the defendant argues, and the People concede, that because his plea of guilty to Indictment No. 5006/91 formed the basis of his acknowledgment of a violation of a condition

of the probation imposed under Indictment No. 12656/89, he is also entitled to the opportunity to withdraw acknowledgment of the violation of probation in the event that he withdraws his guilty plea to Indictment No. 5006/91.

For the purposes of future proceedings, we note that had the defendant been allowed to withdraw his plea of guilty to criminal possession in the third degree under Indictment No. 5006/91 and enter a plea of guilty to a misdemeanor charge upon completing the drug treatment program, as promised by the court, the plea would have violated CPL 220.10 (5) (a) (iii), inasmuch as the defendant was indicted, *inter alia,* for criminal possession of a controlled substance in the third degree *(see,* Penal Law § 220.16).

In light of our determination, we do not address the defendant's remaining contentions. Mangano, P. J., Rosenblatt, Miller, Copertino and Krausman, JJ., concur.