■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE ELMORE, Appellant. [620 NYS2d 969] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered August 6, 1993, convicting him of criminal possession of stolen property in the fifth degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which she moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Ethel P. Ross is relieved as attorney for the defendant, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that Steven Feldman, of 1200 Veterans Memorial Highway, Suite 120, Hauppauge, New York, 11788, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Based upon this Court's independent review of the record, we conclude that arguable issues exist with respect, *inter alia,* to whether the court improperly placed the defendant on interim probation by postponing his sentence to allow him to enter into a drug treatment program *(see, People v Rodney E.,* 77 NY2d 672; *People v Johnson,* 197 AD2d 638). Under the circumstances, the motion of the defendant's assigned counsel to be relieved as counsel is granted and new appellate counsel

is assigned *(see, People v Gonzalez,* 47 NY2d 606; *People v Casiano,* 67 NY2d 906; *People v Miller,* 99 AD2d 1021). Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.