■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLON QUAMINA, Appellant. [622 NYS2d 324] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Feinberg, J.), rendered January 29, 1993, upon his conviction of robbery in the first degree (11 counts), robbery in the second degree (six counts), criminal possession of a weapon in the second degree (three counts), criminal possession of a weapon in the third degree (three counts), assault in the second degree (two counts), grand larceny in the fourth degree (five counts), and criminal possession of stolen property in the fifth degree (five counts), on his plea of guilty, the sentence being indeterminate terms of 8⅓ to 25 years, 5 to 15 years, 5 to 15 years, 2⅓ to 7 years, 2⅓ to 7 years, and 1⅓ to 4 years, and definite terms of 1 year, respectively, all to run concurrently.

Ordered that the sentence is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, to permit the defendant an opportunity to withdraw his plea of guilty and, in the event he does so, for further proceedings on the indictment or, in the event he does not, for resentencing.

After accepting his plea of guilty, the trial court directed that the defendant be placed with the "Court Employment Project", and that he return to court after one year for "appropriate sentencing". By postponing the defendant's sentence in this manner, the court impermissibly placed the defendant on interim probation *(see, People v Johnson,* 197 AD2d 638). It was also improper for the court to impose an enhanced sentence when the defendant failed to successfully comply with the conditions of the interim probation without giving him the opportunity to withdraw his plea *(see, People v Rodney E.,* 77 NY2d 672; *People v Johnson, supra).* Mangano, P. J., Balletta, Ritter, Santucci and Goldstein, JJ., concur.