■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HENDRICKS, Appellant. [705 NYS2d 476] —Judgment unanimously reversed on the law, sentence vacated and matter remitted to Oneida County Court for further proceedings in accordance with the following Memorandum: Defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]) in exchange for a sentence of imprisonment of 4 to 8 years. At the time of the plea, defendant was incarcerated. Although County Court did not advise defendant at the time of the plea that an enhanced sentence would be imposed if defendant failed to appear for sentencing, when defendant thereafter was released on a bond prior to sentencing, the court advised him that he would be sentenced to the maximum term of imprisonment if he failed to appear for sentencing. When defendant failed to appear for sentencing, the court issued a bench warrant and defendant was picked up on the warrant approximately one week after the sentencing date. The court imposed an enhanced sentence of 6 to 12 years. Although defendant waived his right to appeal, we conclude that defendant did not knowingly waive his right to appeal with respect to the enhanced sentence because there was no discussion of that issue at the time of the

plea (*see, People v Gilchrist,* 251 AD2d 1030, 1031, *lv denied* 92 NY2d 925). The condition that defendant return for sentencing was not imposed as a condition of the plea, and thus the sentence must be vacated and the matter remitted to Oneida County Court for resentencing (*see, People v Spina,* 186 AD2d 9, 9-10; *see also, People v Nunez,* 248 AD2d 561; *cf., People v Radek,* 202 AD2d 847, 848, *lv denied* 83 NY2d 914, 84 NY2d 939). "[I]f the court finds that it is unable to impose the sentence which was agreed upon when the defendant pleaded guilty, the defendant should be permitted to withdraw the plea" (*People v Rodney E.,* 77 NY2d 672, 676; *see, People v Spina, supra* at 10). In light of our determination, we decline to consider the remaining contentions. (Appeal from Judgment of Oneida County Court, Dwyer, J.—Attempted Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Scudder and Kehoe, JJ.