The People of the State of New York, Respondent, 
against
Sharell Williams, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Heidi C. Cesare, J., at plea; Josh E. Hanshaft, J., at sentencing), rendered December 7, 2017, convicting her, upon her plea of guilty, of petit larceny, and imposing sentence.




Per Curiam.
Judgment of conviction (Heidi C. Cesare, J., at plea; Josh E. Hanshaft, J., at sentencing), rendered December 7, 2017, modified, as a matter of discretion in the interest of justice, to the extent of reducing the conviction to disorderly conduct. 
The accusatory instrument was not jurisdictionally defective. Giving the allegations "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]), that it was legally sufficient to charge defendant with petit larceny (see Penal Law § 155.25) under the accomplice liability theory. The instrument alleges that defendant handed items of store merchandise to co-defendant Seaberry, who was inside a Victoria's Secret fitting room, that Seaberry removed security sensors from the items, and then both defendants attempted "to leave the store without paying for the items, while walking together." Contrary to defendant's contention, these allegations were sufficient for pleading purposes to establish that she intentionally aided Seaberry in the theft of store merchandise (see Penal Law § 20.00). Any hearsay defects in the accusatory instrument were waived by defendant's guilty plea (see People v Keizer, 100 NY2d 114, 121-123 [2003]).
At the June 9, 2015 plea proceeding, the court promised defendant that she could withdraw her plea to petit larceny and replead to disorderly conduct if she performed two days of community service and had no new arrests for six months. On August 21, 2017, the court reduced the amount of community service to one day and adjourned the matter to October 4, 2017. On October 4th, it was agreed that defendant had performed the one day of community service and the People consented to the repleader, since defendant was not rearrested within the original six month period. However, the court would not allow repleader unless defendant completed a second day of community service. When defendant did not complete this second day of community service by December 7, 2017, the court denied defendant the opportunity to replead and sentenced her to time served on the petit larceny charge.
Defendant now claims that the court wrongfully deprived her of the right to replead to [*2]disorderly conduct, inasmuch as she completed the one day of community service and was not arrested within six months. Although the People are correct that defendant failed to preserve this contention for our review (see People v Ramirez, 210 AD2d 56 [1994], lv denied 84 NY2d 1037 [1995]), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15[6][a]; People v Fortner, 23 AD3d 1058 [2005]) and conclude that the court should not have denied repleader based upon defendant's breach of a condition in the original plea agreement - two days of community service - that was subsequently changed to one day by the court (see People v Spina, 186 AD2d 9, 9-10 [1992]). 

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 24, 2019