People v Silverberg (2023 NY Slip Op 51281(U))

[*1]

People v Silverberg (Lori)

2023 NY Slip Op 51281(U)

Decided on November 27, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 27, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, J.

570719/17

The People of the State of New York, Respondent,
against
Lori Silverberg, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Charlotte E. Davidson, J., at plea and sentencing; Phyllis Chu, J., at resentencing), rendered October 18, 2017, convicting her, upon a plea of guilty, of criminal contempt in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Charlotte E. Davidson, J., at plea and sentencing; Phyllis Chu, J., at resentencing), rendered October 18, 2017, modified, as a matter of discretion in the interest of justice, to the extent of reducing the conviction to disorderly conduct.
Defendant pleaded guilty to second-degree criminal contempt with a promise that she could withdraw her plea and replead to a lesser offense if certain conditions were met. The transcript of the plea proceeding reveals that defendant was not informed of one of the direct consequences of her plea, namely, that if she violated the terms of her plea agreement, she would, in addition to losing the opportunity to replead, face an enhanced sentence of three years probation (see e.g. People v Curcio, 276 AD2d 639 [2000]; People v Hendricks, 270 AD2d 944 [2000]). Thus, the plea was not knowing, voluntary and intelligent (see People v Harnett, 16 NY3d 200, 205 [2011]). Although the People are correct that defendant failed to preserve this contention for our review (see People v Ramirez, 210 AD2d 56 [1994], lv denied 84 NY2d 1037 [1995]), we nevertheless exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Fortner, 23 AD3d 1058 [2005]).
The dismissal remedy defendant now seeks is unwarranted in the circumstances of this case. Nor is a remand appropriate given that defendant already served the three-year probationary sentence and the underlying order of protection has long since expired. As alternatively requested by defendant, the proper corrective action in this case is to give the defendant the benefit of the promised repleader, and to reduce the conviction accordingly.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: November 27, 2023