OPINION OF THE COURT
Chief Judge Wachtler.
The question on this appeal is whether a court can place a defendant on "interim probation” after conviction but before sentence.
In 1989, the defendant, then 14 years old, pleaded guilty to robbery in the first degree. Prior to accepting the plea the court informed the defendant that sentencing would be postponed for three months. During this period the defendant would be placed on "interim probation,” and if he complied with all the conditions imposed by the court he would be sentenced at the end of the term as a youthful offender to five years’ probation. The court further advised the defendant of the conditions of the interim probation and directed the *674 Probation Department to supervise the defendant’s activities and report periodically on his conduct.
Several weeks later the Probation Department filed a progress report containing hearsay allegations that the defendant had violated the conditions of the interim probation in several respects. The court immediately scheduled the case for sentencing and directed the defendant to appear. The defendant through counsel denied the allegations and requested a hearing which a court is required to hold before revoking a probationary sentence for an alleged violation of the conditions (CPL 410.70 [1]). In this case the court denied the defendant’s hearing request, noting that the defendant was on interim probation and had not been sentenced to a probationary term. However, counsel was afforded the limited right to state his objections to the hearsay allegations in the probation report before sentence was pronounced. The court then terminated the interim probation and sentenced the defendant as a youthful offender to IVs to 4 years at a State Division of Youth facility. The court acknowledged that this sentence was based, at least "partially,” on the alleged violations of the terms of the interim probation.
The defendant appealed to the Appellate Division, claiming that the sentence was illegal because interim probation was not authorized by statute. The Appellate Division affirmed stating: "While it appears that the interim probation program is not expressly authorized by law, the Probation Department, nevertheless, is required to include in its presentence report 'any matter the court directs to be included’ (CPL 390.30 [1]; see also, 9 NYCRR 350.7 [a]). That the Department complied with the court’s directive provides no basis for disturbing the sentence imposed upon defendant.” (162 AD2d, at 1014.)
The defendant appeals, presenting the issue left open by this Court in Matter of Jacobs v Altman (69 NY2d 733): Whether a court may place a defendant on interim probation after conviction but prior to sentence. We now reverse.
Courts have power to sentence persons convicted of specified crimes to serve a period of probation (Penal Law § 65.00), but as the Appellate Division recognized and the prosecutor concedes, there is no express statutory authority for "interim probation” pending the sentence. Nor can such authority be inferred from the court’s power to prescribe the contents of a presentence probation report. The court, of course, may consider the defendant’s activities after conviction in determining *675 the appropriate sentence, and may direct the Probation Department to include such information in the presentence report (CPL 390.30 [1]). But probation involves more than reporting; it also requires the Probation Department to supervise the defendant’s activities to insure compliance with the conditions of probation imposed by the court, as indeed the court ordered the agency to do in this case. The Probation Department’s supervisory powers, however, are conferred by the Legislature (Executive Law §§243, 255), and under the existing statutes the Department only assumes this supervisory role with respect to persons convicted of a crime, after the defendant has been sentenced to a term of probation and not before (CPL 410.50 [2]; Penal Law § 65.10 [3]). Thus in this State, probation is only available as a sentencing option; there is no statute which, expressly or by implication, permits a court to place a person convicted of a crime on probation before sentence is imposed.
Nevertheless, the prosecutor urges that interim probation is a necessary and inherent adjunct to the court’s sentencing powers because it is often difficult for the court to be informed adequately of the defendant’s current activities, habits and ability to benefit from a probationary sentence. The prosecutor contends that in some cases the only way the court can make such an assessment intelligently is by placing the defendant on probation for a short trial period before the court determines an appropriate sentence and finally sentences the defendant. These are legitimate concerns, but they have been taken into account in the existing statutory scheme relating to probationary sentences.
Unlike sentences of incarceration which the court may not alter or revoke once the defendant has begun the sentence (CPL 430.10; see also, Matter of Campbell v Pesce, 60 NY2d 165), a probationary sentence is by its nature and statutory definition a "revocable sentence [which] shall be deemed a tentative one to the extent that it may be altered or revoked” by the court during the probationary term (Penal Law § 60.01 [2] [b]). Although the Probation Department is responsible for providing immediate supervision of a person sentenced to probation (CPL 410.50 [2]), the defendant remains in the court’s custody (CPL 410.50 [1]) and is subject to the court’s continuing jurisdiction throughout the probationary term. At any time after sentence is pronounced, the court may adjust the conditions to suit the current circumstances by eliminating conditions imposed at sentence or adding new ones as the *676 court considers necessary and appropriate (CPL 410.20 [1]; Penal Law § 65.00 [2]). The court may also revoke probation and sentence the defendant to a term of incarceration if the defendant commits another crime or if the court determines after a hearing that the defendant violated one or more conditions of probation (CPL 410.70 [1]; Penal Law § 65.00 [2]). Conversely, the court may discharge the defendant from probation before completion of the term if the court finds that continuous supervision is no longer necessary (CPL 410.90).
These provisions indicate the Legislature’s awareness of the difficulties courts face in deciding whether a person convicted of a crime is a suitable candidate for probation, as well as the need to allow the courts to consider as determinative the defendant’s áctual performance on probation. However, the statutes also reflect the legislative judgment that, in a doubtful case, these determinations are best made after the defendant has been "tentatively” sentenced to probation pursuant to a statute which sets forth in some detail, the rights and responsibilities of the court, the Probation Department and the person on probation. Although the prosecutor claims that "interim probation” alone provides the degree of flexibility required by a sentencing court, it is not clear how the present statutory scheme is deficient. To the extent that reform is called for, it is a matter within the province of the Legislature.
In sum, the court erred in placing the defendant on probation prior to sentence and in basing the sentence in part on allegations that the defendant had violated the conditions of the interim probation. Thus the sentence should be set aside and the defendant should be resentenced. We note that if the court finds that it is unable to impose the sentence which was agreed upon when the defendant pleaded guilty, the defendant should be permitted to withdraw the plea (People v Selikoff, 35 NY2d 227, 238-239).
Accordingly, the order of the Appellate Division should be reversed, the sentence vacated and the case remitted to the trial court for resentencing.
Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed and case remitted to Onondaga County Court for further proceedings in accordance with the opinion herein.