OPINION OF THE COURT
 

 Ciparick, J.
 

 The general issue on this appeal concerns the legality of a plea agreement which offered defendant a favorable sentence conditioned on his first entering and successfully completing a private drug rehabilitation program. More specifically, we must determine whether the deferral of sentencing to allow the court to monitor defendant’s rehabilitative progress is
 
 *505
 
 tantamount to illegal "interim probation” pursuant to
 
 People v Rodney E.
 
 (77 NY2d 672). We conclude that the plea agreement was not an imposition of "interim probation.”
 

 On March 12, 1992 defendant pleaded guilty to felony counts of two separate indictments, charging criminal sale and criminal possession of a controlled substance. Under the terms of the plea agreement, Supreme Court promised to delay imposition of sentence to allow defendant to enter the Fortune Society Drug Rehabilitation Program. Furthermore, if defendant successfully completed the program, the felony pleas would be vacated and he would be permitted to plead guilty to a lesser charge; if he failed, he would receive sentences of imprisonment on each indictment to run concurrently. Defendant did not successfully complete the Fortune Society program and on September 17, 1992 he was sentenced accordingly.
 

 On appeal, defendant challenged the trial court’s authority to unlawfully condition and defer his sentencing. The Appellate Division declined to review the issue of Supreme Court’s failure to afford defendant the opportunity to withdraw his guilty plea, erroneously concluding the issue was unpreserved
 
 (People v Rodney E., supra),
 
 and affirmed the conviction. The Court noted that defendant was not placed under the Probation Department’s formal supervision and that defendant’s agreement to complete the drug treatment program was more akin to the placement of a condition on a plea, which is lawful, than to the imposition of a period of interim probation. Since defendant failed to complete the program, imposition of the prison terms was proper.
 

 Defendant argues that this case is controlled by
 
 People v Rodney E. (supra)
 
 and
 
 People v Johnson
 
 (197 AD2d 638,
 
 lv withdrawn
 
 82 NY2d 926) pursuant to which his sentence should be vacated and the matter remitted to Supreme Court so that he may be given the opportunity to withdraw his plea.
 

 In
 
 Rodney E.,
 
 the then-14-year-old defendant pleaded guilty to robbery in the first degree. Before accepting the plea the court informed the defendant that sentencing would be postponed for three months; if during that period he complied with all the conditions imposed by the court he would ultimately be sentenced as a youthful offender to five years’ probation. The Probation Department, directed by the court to supervise the defendant’s activities and report periodically, filed a progress report containing hearsay allegations that
 
 *506
 
 defendant had violated the conditions of the interim probation. The court terminated the interim probation and sentenced defendant to a period of incarceration in a State Division for Youth facility.
 

 Upon examining the statutory scheme governing probationary sentences, we held that the trial court erred in placing the defendant on probation after conviction but prior to sentencing. We observed that the Probation Department’s legislatively conferred supervisory powers are exercisable only as to persons convicted of a crime, and only after the defendant has been sentenced to probation and not before (77 NY2d, at 675). Moreover, probation is only available as a sentencing option and there is no statute which expressly or impliedly permits a court to place a person convicted of a crime on probation before sentence is imposed
 
 (id.).
 
 Since the sentence imposed was premised on the defendant’s violation of conditions the court was not authorized to impose, we vacated the sentence and remitted for resentencing
 
 (id.,
 
 at 676).
 

 Our decision in
 
 Rodney E.
 
 was premised on the statutory powers of the Probation Department and, contrary to defendant’s contention, was not intended to rule out analogous dispositions involving, as in this case, placement of an individual under the supervision of a private agency. Because the instant case does not involve the supervision of the Probation Department or implicate its statutory powers, and the conditions imposed fall within the court’s power to oversee plea bargains tailored to individual circumstances, we now affirm.
 

 Plea bargaining is a practice vital to the efficient administration of the criminal justice system
 
 (see, People v Seaberg,
 
 74 NY2d 1, 7), and "an integral part of the plea bargaining process is the negotiated sentence”
 
 (see, People v Farrar,
 
 52 NY2d 302, 306). Plea and sentence negotiation further important policy considerations, conserving law enforcement, judicial and penal resources, and permitting the parties to avoid the uncertainties inherent in the lengthy process of charge, trial, sentence and appeals, thereby "starting the offender on the road to possible rehabilitation” as soon as practicable
 
 (see, People v Selikoff,
 
 35 NY2d 227, 233).
 

 Most importantly, plea negotiations serve the ends of justice, enabling courts to impose individualized sentences
 
 (id.).
 
 "The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances
 
 *507
 
 of the individual before the court and the purpose of a penal sanction”
 
 (Farrar, supra,
 
 at 305). In order to effectuate these principles, some judicial discretion in overseeing and approving plea bargains, including the imposition of conditions, is desirable
 
 (see, Seaberg, supra,
 
 at 7).
 

 Conditions imposed as part of a plea arrangement are valid if the parties agree to them and they do not violate any statute or contravene public policy
 
 (see, Seaberg, supra,
 
 at 7 [provided "there is no constitutional or statutory mandate and no public policy prohibiting it, an accused may waive any right which he or she enjoys”];
 
 Selikoff, supra,
 
 at 238;
 
 cf., People v Spina,
 
 186 AD2d 9, 9-10 [nonnegotiated condition improper where it was unilaterally imposed by court after the plea had been entered]). Indeed, conditional sentence promises have consistently been upheld even where long-term monitoring of the defendant’s activities was required
 
 (see, e.g., People v Outley,
 
 80 NY2d 702, 713 [sentencing adjourned and favorable sentences promised on condition of no arrests];
 
 People v Thompson,
 
 193 AD2d 841 [sentencing adjourned for six months and sentence of nonincarceration promised on condition of successful completion of drug rehabilitation program];
 
 People v Ellis,
 
 162 AD2d 701 [sentencing adjourned and favorable sentence promised on condition of defendant’s attendance and enrollment in drug rehabilitation program and cooperation with caseworker];
 
 People v Hladky,
 
 158 AD2d 616, 619 [court promised to sentence defendant to probation conditioned on his remaining in St. John’s School for Boys until he was determined fit to leave]).
 

 In the case before us, we conclude that the plea agreement and negotiated sentence, which was conditioned on defendant’s successful completion of the Fortune Society’s drug rehabilitation program, was not an imposition of illegal "interim probation.” The agreement furthers important public policy goals and is a proper implementation of the court’s authority with respect to a plea agreement tailored to the particular circumstances of the defendant’s case
 
 (see, Farrar, supra,
 
 at 306-307).
 

 We are unpersuaded by defendant’s argument that the recent amendment to CPL 400.10
 
 [1]
 
 proves that plea agree
 
 *508
 
 ments conditioned on successful completion of a drug treatment program were beyond Supreme Court’s authority at the time the instant agreement was negotiated. Rather, the legislative history demonstrates that it was enacted specifically to correct the problem created by the decision in
 
 People v Johnson
 
 (197 AD2d 638,
 
 supra),
 
 which concluded that such agreements constituted illegal "interim probation.” The
 
 Johnson
 
 decision deprived trial courts of lawful, preexisting "valuable sentencing options” and "seriously undermined a number of successful programs, such as the Treatment Alternative to Street Crime (TASC) programs”
 
 [2]
 
 (Mem of Off of Ct Admin, L 1994, ch 509, 1994 McKinney’s Session Law News of NY, at A-1067 — A-1069). The sponsor’s memorandum in support of the amendment further clarifies the Legislature’s determination that
 
 Johnson
 
 was wrongly decided, pointing out that participation in a drug treatment program is not probation supervision (Bill Jacket, L 1994, ch 509). The bill was intended to give the courts statutory authority to order convicted defendants to comply with conditions set prior to sentencing
 
 (id.).
 

 In this case, the condition of successful completion of a private drug treatment program, prior to sentencing, is within the trial court’s authority to oversee and approve plea bargains. Consequently, defendant is not entitled to withdraw his plea and the sentence should stand.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 Order affirmed.
 

 [1]
 

 . The amendment became effective July 26, 1994 and added subdivision (4) to CPL 400.10, authorizing a court, after conviction and before sentencing, to adjourn sentencing to a later date and order the defendant to comply with certain conditions, such as participation in an alcohol or substance
 
 *508
 
 abuse program. It replaced an experimental amendment to CPL 380.30 (3) which expired in 1994 pursuant to a one-year "sunset provision.”
 

 [2]
 

 . TASC is a Federally funded program which evaluates prospective clients with the consent of the court and places those that are eligible (nonviolent offenders with a history of substance abuse) in an appropriate residential or outpatient treatment agency. TASC monitors the participant’s progress and regularly submits reports to the court
 
 (see,
 
 1992 Ann Report, NY St Div of Probation and Correctional Alternatives, at 44-46). Under the TASC plea arrangement, the District Attorney moves to dismiss the felony charges after the defendant completes an in-house drug treatment program that typically lasts 6 to 24 months. If the defendant fails to complete the program or absconds, he or she is subject to substantial periods of incarceration.