■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER R. ADKINS, Appellant. [643 NYS2d 814] —Judgment unanimously affirmed. Memorandum: After defendant pleaded guilty, County Court granted an extended adjournment of sentencing at his request to enable him to participate in a presentence diversion program. In granting the adjournment, the court repeatedly informed defendant that it was making no promises regarding the sentence in return for his participation in the program. The contention of defendant that his volun-

tary participation in the program was tantamount to "interim probation" (*People v Rodney E.*, 77 NY2d 672, 674) is without merit. Defendant's participation in the program, administered by the Community Service/Victim's Assistance Program of the Genesee County Sheriff's Department, "does not involve the supervision of the Probation Department or implicate its statutory powers" (*People v Avery,* 85 NY2d 503, 506; *cf., People v Rodney E., supra*). Further, the court did not order defendant's participation in the program, nor was it made a condition of the sentence. Thus, the sentence imposed was not "premised on the defendant's violation of conditions the court was not authorized to impose" (*People v Avery, supra*, at 506).

We conclude that, in light of defendant's extensive history of alcohol-related offenses, the sentence is neither unduly harsh nor severe (*see,* CPL 470.15 [6] [b]).

Finally, we have considered defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Genesee County Court, Morton, J.—Felony Driving While Intoxicated.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.