■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BLATT, Appellant. [645 NYS2d 675] —Judgment unanimously affirmed. Memorandum: Defendant contends that he was sentenced to "interim probation" in violation of *People v Rodney E.* (77 NY2d 672). We disagree. Although a court may not place a defendant on "interim probation" after conviction but before sentence, negotiated conditional sentence arrangements "are valid if the parties agree to them and they do not violate any statute or contravene public policy" (*People v Avery*, 85 NY2d 503, 507). Thus, "conditional sentence promises have consistently been upheld even where long-term monitoring of the defendant's activities was required" (*People v Avery, supra,* at 507). Here, the negotiated sentence, which was conditioned on defendant's successful completion of a voluntary diversion program, was not a sentence of "interim probation". Although a Probation Department officer testified that defendant had been supervised by the Probation Department at some point during the diversion program at the direction of "the State", that supervision was not at the direction of County Court. The court specifically stated that defendant was not to be supervised by the Probation Department during his participation in the voluntary program.

We reject the contention of defendant that the probationary term had expired before the court revoked his probation and sentenced him. When a person has violated the conditions of his probation and is declared delinquent by the court, the probationary sentence is tolled "until a final determination as to the delinquency has been made by the court pursuant to a hearing held in accordance with the provisions of the criminal procedure law" (Penal Law § 65.15 [2]).

Upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Genesee County Court, Morton, J.—Violation of Probation.) Present—Pine, J. P., Fallon, Callahan, Doerr and Davis, JJ.