■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. McNEIL, JR., Appellant. [665 NYS2d 249] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a guilty plea of attempted criminal possession of a controlled substance in the third degree. By failing to move to withdraw the plea or vacate the judgment of conviction, defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see, People v Lopez*, 71 NY2d 662, 665-666). There is no merit to the contention that County Court refused to allow defendant to withdraw his plea. At sentencing, the court offered defendant the opportunity to submit motion papers addressed to the validity of the plea. Because defendant's challenge to the voluntariness of the plea involves matters outside

the record, that challenge should be raised on a CPL 440.10 motion (*see, People v Seminara*, 53 AD2d 678).

We reject the contention that the court erred by impermissibly placing defendant on interim probation (*see, People v Rodney E.*, 77 NY2d 672, 675). The court is authorized to approve defendant's participation in a presentence drug treatment diversion program operated by a private agency (*see,* CPL 400.10 [4]; Penal Law § 65.10 [2] [e]; *People v Avery*, 85 NY2d 503). Contrary to defendant's contention, the court did not direct the Probation Department to supervise defendant (*see, People v Blatt*, 229 AD2d 903), because defendant was required to participate in the same diversion program as a condition of probation on an unrelated charge, the Probation Department properly exercised its supervisory powers with respect to that unrelated matter.

Finally, the record does not support the contention that defendant was denied effective assistance of counsel. Pursuant to the plea bargain negotiated by defense counsel, defendant waived indictment and pleaded to a reduced charge in satisfaction of other pending charges and, additionally, was able to participate in a diversion program that, if successfully completed, would have entitled defendant to a further reduction of that charge. Defendant has failed to show that counsel's representation, considered in its totality, was not meaningful (*see, People v Baldi*, 54 NY2d 137, 147). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Attempted Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Callahan, Doerr and Balio, JJ.