■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN CARY, Appellant. [688 NYS2d 884] —Judgment, Supreme Court, Bronx County (John Byrne, J.), rendered December 22, 1997, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant pleaded guilty under an arrangement where he was to receive a reduced plea and sentence upon successful completion of a drug rehabilitation program. Defendant failed to complete the program. The court let the original guilty plea stand and imposed sentence thereunder. Defendant now claims that he was entitled to withdraw his plea. This claim is not preserved since defendant did not move to withdraw his plea (see, People v Brewster, 254 AD2d 50, lv denied 92 NY2d 1029). Moreover, we decline to review this claim in the interest of justice. Were we to review the claim, we would find that sentence was properly imposed since defendant failed to complete the drug program, a condition of the plea bargain (see, People v Avery, 85 NY2d 503, 507-508). Defendant's assertion that he was prepared to participate in the program but was refused acceptance is contradicted by the record.

Discretionary review of defendant's sentence is not available since he received the minimum sentence authorized by law (CPL 470.20 [6]). Concur—Rosenberger, J. P., Williams, Rubin, Mazzarelli and Friedman, JJ.