■ The People of the State of New York, Respondent, v David J. LaValley, Appellant. [708 NYS2d 916] —Spain, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered April 20, 1999, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

In satisfaction of a two-count indictment, defendant pleaded guilty to the crime of driving while intoxicated and waived his right to appeal. County Court postponed sentencing for an 11-month period during which defendant was required to complete an alcohol rehabilitation program and refrain from consuming alcohol. Defendant subsequently admitted to consuming alcohol during that period and, following a sentencing hearing, was sentenced to a 1 to 4-year prison term and ordered to pay restitution in the amount of $1,158.23, representing the cost of extraditing defendant from Florida for his arraignment. Defendant appeals.

Initially, by waiving his right to appeal defendant waived his right to challenge whether the requirement that he complete an alcohol rehabilitation program and comply with other directives during the period that his sentence was deferred constituted an impermissible term of "interim probation" (*see, People v Sparrow*, 222 AD2d 1114, *lv denied* 87 NY2d 977). Nevertheless, were we to review the argument, we would find that County Court did not place defendant on illegal "interim probation" or violate his due process rights by imposing sentence when defendant failed to comply with a condition which was specifically explained to him by the court (*see, People v Brown*, 88 NY2d 944; *People v Avery*, 85 NY2d 503, 507; *People v McNeil*, 244 AD2d 998, *lv denied* 91 NY2d 928).

We are, however, persuaded by defendant's argument that County Court erred in imposing restitution to cover the cost of defendant's extradition from Florida. The cost of extradition is included among the St. Lawrence County's normal law enforcement operating costs (*see, People v Watson*, 197 AD2d 880) and is not considered an "actual out-of-pocket loss caused [by defendant's offense]" (Penal Law § 60.27 [1]). Moreover, the County is not considered to be a "victim" of defendant's crime so as to be entitled to restitution (*see,* Penal Law § 60.27 [1], [4] [b]; *see also, People v La Fave*, 265 AD2d 740, 742; *People v Storm*, 177 AD2d 767).

Mercure, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as directed defendant to pay restitution in the amount of $1,158.23, and, as so modified, affirmed.