■ The People of the State of New York, Respondent, v Roger L. Gemmill, Appellant. [728 NYS2d 548] —Rose, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered September 5, 2000, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

In satisfaction of seven counts in two indictments, defendant pleaded guilty to the crime of burglary in the second degree and waived his right to appeal. County Court deferred sentencing and continued defendant's release under probation supervision with the requirement that he complete a private residential drug and alcohol treatment program. Pursuant to the plea agreement, defendant was to receive youthful offender treatment and a one-year jail term if he satisfactorily completed the interim probation. If not, he would be sentenced to a determinate prison term of 3½ years. When defendant was tested for alcohol use a few days later, his blood alcohol content was .108 and he was discharged from the treatment program for noncompliance with its rules. County Court thereupon revoked the interim probation and sentenced him to the longer prison term.

Defendant appeals, contending that the interim probation was illegal and that County Court violated his due process rights in revoking it. The People argue that defendant waived the right to appeal and that the sentence was conditioned on, *inter alia*, compliance with the treatment program. We note that defendant does not dispute the voluntariness of his waiver of the right to appeal, and we have held that when such a waiver is part of a knowing and voluntary plea, it will encompass the right to challenge whether requiring successful completion of a treatment program constitutes an impermissible term of interim probation (*see, People v LaValley*, 272 AD2d 786).

In any event, were we to consider defendant's argument, we would conclude that the treatment program was authorized and that County Court did not deprive him of his due process rights by imposing the longer prison term when he failed to complete this requirement. Although defendant accurately reports that County Court did not explicitly reiterate at the time of the plea that his completion of the program was a condition of deferring sentencing, there can be no doubt that this condition was communicated to him. County Court had specifi-, cally explained the program requirement to defendant at his arraignment and he was participating in it at the time of his plea. As the program was under the control and supervision of

a private agency (*compare*, *People v Avery*, 85 NY2d 503, 506), the imposition of interim probation was superfluous here and did not implicate the statutory requirements of CPL 390.30 (6). Rather, we view the compliance with this treatment program as a presentence condition authorized by CPL 400.10 (4).

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.