■ In the Matter of ANTHONY CAVALIERE, Petitioner, v BERNARD B. KERIK, as Police Commissioner of the City of New York, et al., Respondents. [756 NYS2d 176] —Determination of respondent Police Commissioner, dated April 2, 2001, which, after an administrative hearing, found petitioner guilty of various specifications, including causing a false allegation of misconduct to be made against a fellow officer, and dismissed him from his position with the Police Department, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Rosalyn Richter, J.], entered February 6, 2002) dismissed, without costs.

Since substantial evidence, including the testimony of a civilian witness and that of petitioner's partner, supports respondent's findings that petitioner, inter alia, made false allegations against another officer to the effect that the officer had assaulted a civilian, the findings of misconduct may not be disturbed (*see Matter of Schaefer v Safir,* 281 AD2d 163 [2001]). The penalty imposed is not so disproportionate to the proven misconduct as to shock our sense of fairness (*see Matter of Kelly v Safir,* 96 NY2d 32, 38 [2001]). Concur—Nardelli, J.P., Mazzarelli, Sullivan, Lerner and Marlow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ALAMO, Appellant. [754 NYS2d 878] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered November 1, 2000, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly imposed the bargained-for alternative prison sentence upon defendant's failure to complete a drug rehabilitation program, a condition of his plea bargain (*see People v Avery,* 85 NY2d 503, 507-508 [1995]). Defendant's meritless excuse for unilaterally leaving the drug program did not warrant a hearing or further inquiry, and no such further proceedings were requested. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Lerner and Marlow, JJ.