■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEARTIS YARBOROUGH, Appellant. [777 NYS2d 630]—

Judgment, Supreme Court, Bronx County (John Byrne, J.), rendered January 17, 2002, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in or near

school grounds, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, unanimously affirmed.

Because we conclude that defendant did not articulate a valid waiver of his appellate rights, we will give full consideration to his appeal. That having been determined, we find that defendant did not preserve his argument that his plea should have been vacated because his purported mental illness allegedly prevented him from completing the drug rehabilitation program to which he was assigned. Although he asked to withdraw his plea, he did not offer any reason why the court should allow him to do so, and we decline to review his present claim in the interest of justice. Were we to review it, we would find there is no admissible evidence in the record that defendant's alleged mental illness prevented him from completing the program to which he was directed. Defendant's repeated requests, at sentencing, that he be permitted another chance at a drug program undermine his argument, raised for the first time on appeal, that the drug program he attended was ill-equipped to handle his mental illness and that his illness prevented him from completing the program from which he absconded. Since defendant failed to satisfy the requirement to complete a drug program successfully, he did not qualify for further leniency under the terms of his plea bargain (*see People v Avery*, 85 NY2d 503, 507-508 [1995]). Concur—Saxe, J.P., Lerner, Marlow and Gonzalez, JJ.