■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY M. JUCKETT, Appellant. [793 NYS2d 272]—

Lahtinen, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered June 27, 2003, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Charged with two counts of driving while intoxicated, defendant pleaded guilty to one count and voluntarily committed himself to the Washington County Drug Felony Treatment Court program with the understanding that if he successfully completed it, he would be sentenced to five years of probation. Defendant was warned, however, that his failure to comply with the program requirements would result in the imposition of a sentence of six months of incarceration with five years of probation. In June 2003, based upon his sworn admissions that he had violated the terms of the Treatment Court contract, defendant was terminated from the program and, consequently, sentenced to six months in jail and five years of probation. He now appeals.

To the extent that defendant's contentions are preserved (*compare People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Kirkland*, 2 AD3d 1063, 1063 [2003]), we find them to be without merit. Contrary to his contention, defendant's admissions during a session of the Treatment Court were properly relied upon in terminating him from the program. As explained in his Treatment Court contract, Treatment Court proceedings are not confidential and any statements that he made were admissible for the purpose of terminating him from the program. Moreover, inasmuch as the plea colloquy reveals that defendant entered an intelligent, knowing and voluntary guilty plea and that he specifically stated that he accepted the terms of the Treatment Court program, his contention that he was coerced into participating in the Treatment Court program—which was to his benefit—is not supported by the record. Finally, defendant's claim that he was denied the effective assistance of counsel due to counsel's failure to prevent him from admitting that he violated his treatment contract is unpersuasive. Accordingly, County Court properly imposed the agreed-upon term of incarceration after defendant failed to complete the Treatment Court program, which was a condition of the plea agreement (*see People v Avery*, 85 NY2d 503, 505-508 [1995]; *People v Smith*, 309 AD2d 599 [2003], *lv denied* 1 NY3d 601 [2004]; *People v Alamo*, 302 AD2d 332 [2003], *lv denied* 100 NY2d 559 [2003]).

Cardona, P.J., Crew III, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.