■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE S. MILNER, Appellant. [812 NYS2d 197]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Lehmann, J.), rendered February 25, 2005, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. Thereafter, he pleaded guilty in September 2003 to the criminal sale count in full satisfaction of all charges and, in return, it was agreed that defendant's sentencing would be adjourned in order for him to complete the "Road to Recovery Program," a substance abuse treatment program. According to the terms of the agreement, upon successful completion of the program, defendant would be permitted to withdraw his guilty plea and request dismissal of the superior court information. In signing the agreement, defendant specifically acknowledged that if he failed to complete any aspect of the program, he would receive a sentence within the range of 4$^1$/$_2$ to 9 years to 12$^1$/$_2$ to 25 years. Subsequently, defendant absconded from the program without completing his obligations. A bench warrant was issued for his arrest and he was sentenced as a second felony offender to 4$^1$/$_2$ to 9 years in prison.

Initially, we are unpersuaded by defendant's various claims challenging the terms of the agreement. Significantly, "[c]onditions imposed as part of a plea arrangement are valid if the parties agree to them and they do not violate any statute or contravene public policy" (*People v Avery*, 85 NY2d 503, 507 [1995]). Here, the record establishes that defendant entered an intelligent, knowing and voluntary plea of guilty and there is no support for the argument that his planned participation in the Road to Recovery Program was coerced (*see People v Juckett*, 17 AD3d 867, 868 [2005]). Instead, the record reveals that defendant failed to abide by an explicit condition of his plea agreement, therefore, County Court was free to impose a sentence in accordance with its terms (*see generally People v Thompson*, 193 AD2d 841, 842 [1993]).

We also do not agree with defendant's claim that the sentence imposed by County Court was unduly harsh. Despite his argument that the court did not take into consideration his request for leniency, it is notable that the court did impose the minimum sentence contemplated under the plea agreement, namely 4$^1$/$_2$ to 9 years. Furthermore, although defendant claims that County Court erred in not reducing his sentence in accordance with the Drug Law Reform Act, we note that his crimes were

committed prior to that law's effective date and, therefore, said statute was not applicable (*see People v Walker*, 26 AD3d 676, 677 [2006]).

We have examined defendant's remaining contentions and find them to be without merit.

Mercure, Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed.