■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. ZIPPO, Appellant. [814 NYS2d 812]—Mugglin, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered April 4, 2005, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree and was sentenced as a second felony offender to a prison term of 2½ to 5 years. He appeals, asserting that the Rockefeller Drug Law Reform Act (*see* L 2004, ch 738), which was signed into law after he was arrested but before he was sentenced, should apply retroactively to his case pursuant to the amelioration doctrine enunciated in *People v Behlog* (74 NY2d 237 [1989]).

We disagree and affirm. The Rockefeller Drug Law Reform Act was intended to apply only in instances where the criminal conduct was committed on or subsequent to the effective date thereof (*see People v Ward*, 27 AD3d 776, 778 [2006]; *People v Clinton*, 22 AD3d 887, 888 [2005]; *see also People v Nelson*, 21 AD3d 861, 862 [2005], *lv granted* 6 NY3d 757 [2005]). In view of this disposition, defendant's contention that he should have been advised that he was eligible to be sentenced to a determinate sentence pursuant to the Rockefeller Drug Law Reform Act is meritless.

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.