■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN CAPACI, Appellant. [824 NYS2d 505]—Appeal, by permission, from an order of the County Court of Sullivan County (LaBuda, J.), entered July 8, 2005, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of the crime of criminal sale of a controlled substance in the fifth degree.

Defendant pleaded guilty to criminal sale of a controlled substance in the fifth degree, waived his right to appeal, and was sentenced to a prison term of $2^{1}/_{3}$ to 7 years. Defendant then moved pursuant to CPL 440.20 to set aside his sentence alleging that the Rockefeller Drug Law Reform Act (*see* L 2004, ch 738), which was enacted after he was arrested but before he was sentenced, entitled him to resentencing. County Court denied the motion and this Court granted defendant permission to appeal.

The provisions of the Rockefeller Drug Law Reform Act were intended to apply only to criminal conduct committed on or after the Act's effective date (*see People v Zippo*, 29 AD3d 1179 [2006], *lv denied* 7 NY3d 852 [2006]; *People v Milner*, 28 AD3d 873, 874-875 [2006]; *People v Walker*, 26 AD3d 676, 677 [2006]). As such, defendant's contention that he is entitled to a reduced determinate sentence is without merit.

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed.