■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOLANDA ALMESTICA, Appellant. [842 NYS2d 25]—Judgment, Supreme Court, Bronx County (Edward M. Davidowitz, J., at plea; Seth L. Marvin, J., at sentence), rendered May 5, 2006, convicting defendant of criminal sale of a controlled substance in or near school grounds, and sentencing her, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Since defendant did not object to her sentence or seek to withdraw her plea, she did not preserve her claim that she was entitled to an opportunity to withdraw her plea after she failed to comply with the terms of her plea agreement (*see e.g. People*

*v Cary*, 261 AD2d 242 [1999], *lv denied* 94 NY2d 820 [1999]), and we decline to reach the issue in the interest of justice. Were we to reach this claim, we would find that the court properly imposed sentence after defendant failed to complete the drug treatment program required by the agreement (*see People v Avery*, 85 NY2d 503, 507-508 [1995]), and that at the time of the plea the court unambiguously warned her of the consequences of such failure. Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Williams, JJ.