■ In the Matter of FRANCISCO MARTINEZ, Petitioner, v CEASAR CIRIGLIANO et al., Respondents. [846 NYS2d 62]—Application for an order pursuant to article 78 of the Civil Practice Law and Rules denied and the petition dismissed, without costs or disbursements. All concur. No opinion. Order filed. Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and Kavanagh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON FRIERSON, Appellant. [844 NYS2d 871]—Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered August 19, 2005, convicting defendant, after a nonjury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4\frac{1}{2}$ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility (see People v Bleakley, 69 NY2d 490, 495 [1987]). The police account of the transaction was not implausible. Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIK J. DREW, Also Known as ERIC DREW, Appellant. [844 NYS2d 871]—Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered January 26, 2006, convicting defendant, upon his plea of guilty, of criminal mischief in the third degree, and sentencing him to a term of one year, unanimously affirmed.

Defendant violated his plea agreement by being convicted of additional crimes while awaiting sentencing. He did not preserve his present argument that the court violated his due process rights by imposing an enhanced sentence, based on the breach of the agreement, without offering him the opportunity to withdraw his plea (see e.g. People v Almestica, 43 AD3d 797 [2007]), and we decline to review it in the interest of justice. Were we to review this claim, we would find it without merit. The court made clear to defendant the consequences of violating his plea agreement. Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.