Order, Supreme Court, New York County (Daniel E Conviser, J.), entered on or about September 7, 2010, which denied defendant’s CPL 440.46 motion for resentencing, unanimously affirmed.
*583 The motion court properly found that defendant’s 1988 adjudication as a second violent felony offender rendered him ineligible for resentencing on his drug conviction (see CPL 440.46 [5] [b]). Defendant asserts that this adjudication should not render him ineligible, because his sentence on his underlying 1983 violent felony conviction was allegedly unlawful under People v Rodney E. (77 NY2d 672 [1991]), which invalidated certain sentences that followed unauthorized periods of interim probation. That argument is without merit, for each of the reasons stated by the motion court: (1) defendant is procedurally barred from challenging his adjudication as a second violent felony offender (see CPL 400.15 [8]); (2) the record is unclear whether defendant was actually placed on interim probation in connection with his 1983 conviction; (3) even assuming that to be the case, the record does not establish that defendant’s 1983 sentence was unlawfully enhanced on the basis of his behavior while on interim probation (see People v Avery, 85 NY2d 503, 506 [1995]); and (4) even assuming there was a sentencing defect, that would not affect defendant’s second violent felony offender status (see People v Ashley, 71 AD3d 1286, 1287 [3d Dept 2010], affd on other grounds 16 NY3d 725 [2011]). We have considered and rejected defendant’s arguments regarding each of these issues.
Concur—Andrias, J.P, Acosta, Freedman, Richter and Gische, JJ.