This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 78
The People &c.,
          Respondent,
        v.
Baasil Reynolds,
          Appellant.



        Michael S. Woodruff, for appellant.
        Vincent Rivellese, for respondent.




MEMORANDUM:

     The order of the Appellate Division should be affirmed.

     Defendant was charged by indictment with criminal possession

of a weapon in the third degree (Penal Law § 265.02[1]), and

menacing in the second and third degrees (Penal Law §§ 120.14[1],

120.15).  After having been incarcerated for approximately six

months during the pendency of his case, defendant accepted a plea

- 1 -

agreement whereby he would plead guilty to criminal possession of a weapon in the third degree, a felony, and his sentencing would be delayed to give him a chance to withdraw his plea and replead to a lesser charge - - criminal possession of a weapon in the fourth degree, a misdemeanor - - and be sentenced to time served if he complied with certain conditions. If defendant failed to comply with these conditions, he would not be permitted to withdraw his guilty plea to the felony and would be sentenced to two-to-four years.

The plea conditions required defendant to first, be remanded to the New York City Department of Correction for an additional six months and, second, be released on his own recognizance for a set period of time prior to the sentencing date, during which time he could not be arrested or alleged to have violated an order of protection in favor of the complainants. Defendant completed the additional six months in jail, satisfying one condition of his plea agreement. After being released for over a year, however, defendant was arrested on the day of his sentencing.[1] After the court held a hearing pursuant to People v Outley (80 NY2d 702 [1993]), it imposed the promised two-to-four-year prison sentence on the existing felony conviction.

---

[1]Defendant was released on December 9, 2009 and was arrested on October 19, 2010. Despite his violation of the no-arrest condition, with the consent of the People and the court, his sentencing was deferred for an additional six months, to June 14, 2011, with the same no-arrest condition. Defendant was arrested on June 14, 2011, hours before his sentencing.

Defendant failed to preserve his claim that his plea of guilty should be vacated because it was conditioned on an alleged illegal presentence condition that he remain incarcerated for an additional six months prior to sentencing. As we recently stated in People v Williams ( __ NY3d __, 2016 NY Slip Op. 02551 [2016]), "[w]hen a defendant pleads guilty to a crime, he or she generally must move to withdraw the plea or otherwise object to its entry prior to the imposition of sentence to preserve a challenge to the validity of the plea for appellate review." While this Court has recognized an "illegal sentence" as "a narrow exception to the preservation rule" (see People v Nieves, 2 NY3d 310, 315 [2004][internal citation and quotation marks omitted]), the Appellate Division correctly held that the plea was not conditioned on an illegal sentence, nor was the actual sentence imposed illegal. Contrary to the dissent's view, defendant's case is procedurally distinguishable from People v Avery (85 NY2d 503, 504 [1995]) and People v Rodney E. (77 NY2d 672, 673 [1991])(dissenting op., at 3) in an important respect. In those cases, the issue was violation of an allegedly illegal presentencing condition that triggered defendant's sentence. Here, defendant's sentence was premised on a violation of an admittedly lawful presence condition - he could not be arrested - and the issue of the propriety of the plea could certainly have been raised prior to sentencing. Thus, defendant's challenge to the presentencing incarceration, which

was not part of the sentence, is subject to the preservation rule
(see Williams, Slip Op. at 10).

With respect to the Outley hearing, the Appellate Division
correctly concluded that the trial court's finding and
determination comported with the standard articulated in People v
Outley (80 NY2d 702 [1993]).  There, we held that "proof that
defendant actually committed the postplea offense which led to
the arrest is not necessary" (80 NY2d at 713).  We further noted:

> "When an issue is raised concerning the validity of the
> postplea charge or there is a denial of any involvement
> in the underlying crime, the court must conduct an
> inquiry at which the defendant has an opportunity to
> show that the arrest is without foundation (citation
> omitted). The nature and extent of the inquiry - -
> whether through a summary hearing pursuant to CPL
> 400.10 or some other fair means - - is within the
> court's discretion. The inquiry must be of sufficient
> depth, however, so that the court can be satisfied - -
> not of defendant's guilt of the new criminal charge but
> of the existence of a legitimate basis for the arrest
> on that charge."
> (id.).

Here, the judge heard testimony from the complainant and the
arresting officer.  Defendant also testified that the complainant
had been the aggressor and had attacked him.  The judge found
that there was a legitimate basis for defendant's arrest,
implicitly rejecting defendant's version of events, and that
finding was adopted by the sentencing court.  Thus, because
defendant was given an opportunity to testify to his exculpatory
explanation, and his testimony was evidently discredited by the
court, the nature of the inquiry was sufficient under our Outley

standard.

People v Baasil Reynolds

No. 78

RIVERA, J.(dissenting):

A plea agreement conditioned on defendant's presentence "interim incarceration" lacks statutory authority and renders the plea invalid. Based on our case law, I disagree with the majority that defendant's claim is unpreserved for our review, and on the merits I conclude the plea should be vacated.

At the time of his plea agreement, defendant had been incarcerated for six months. In accordance with the terms of the agreement, after defendant pled guilty to criminal possession of a weapon in the third degree, a class D felony, and menacing in the second degree, a class A misdemeanor, the court would adjourn his sentencing so that he could complete several conditions, including an additional six months of incarceration. The prosecutor explained to defendant that this would result in an aggregate incarceratory period of "a hard year. 'Hard,' meaning a full year in jail." The other conditions required that upon his release, defendant had to "stay out of trouble" for a year, not be arrested, and also obey the orders of protection entered against him. Defendant would have to appear in court at every adjournment, approximately every three months, for the course of the year. If defendant complied with the terms, the court would

allow him to withdraw his guilty plea on the felony charge and sentence him to the lesser offense of the misdemeanor charge alone.  If he failed to comply with the plea terms he would be sentenced as a second felony offender to two to four years imprisonment on the felony charge.

The court described the arrangement as "a little unorthodox" and explained to defendant that

> "[i]t's sort of like probation but isn't probation.  In a sense, it's better than a probationary sentence would be because it's only-- you only have to stay out of trouble for a year.
>
> "On the other hand, it's worse than a probationary sentence would be because you have to be in jail for a year until you're released.
>
> . . .
>
> "Let me correct one thing I said.  I said the-- IT'S [sic] sort of like probation but it isn't because you don't have a probation officer that you need to report to.  There's not a probation officer who's going to come to wherever it is you're living and make bed checks.  It's not a probation officer who you have to tell where it is that you're living. That's where you're living?"

Defendant served the additional six months in jail and was released in accordance with the terms of his plea.  On the day of his scheduled sentencing, defendant was arrested.  The court subsequently concluded that he violated the terms of the plea, and defendant was sentenced to an indeterminate term of two to four years on the felony.

Defendant asserts that his plea is invalid because the court lacked authority to impose a presentence condition of incarceration.  Defendant may pursue this claim on direct appeal, even though he did not object to the condition or move to withdraw his plea, because our rules of preservation do not apply to claims of unlawful "interim" conditions.

Defendant's case is procedurally indistinguishable from People v Rodney E. (77 NY2d 672, 673 [1991]) and People v Avery (85 NY2d 503, 504 [1995]), wherein the Court reached the merits of the defendants' challenges to their respective plea conditions, notwithstanding their failure to object prior to sentencing.  Indeed, in describing the proceedings below, the Avery Court noted that the Appellate Division erroneously concluded the issue was unpreserved, citing Rodney E. (Avery, 85 NY2d at 505).  Like defendant here, the defendants in Rodney E. and Avery both claimed that the sentencing courts lacked authority to impose presentencing conditions.  In Rodney E., the defendant was placed on "interim probation" (77 NY2d at 673), and in Avery the defendant was required to participate in a private drug rehabilitation program before sentencing (85 NY2d at 504).  Thus, this Court has previously rejected a preservation barrier to claims that a presentencing condition is illegal, and therefore we may consider defendant's challenge to the legality of his post-conviction, presentence period of "interim"

incarceration.[1]

Turning to the merits, a court has discretion to impose an appropriate sentence and to structure a plea on conditions that "do not violate any statute or contravene public policy" (Avery, 85 NY2d at 507 [internal citation omitted]).  Here, the six months of presentence incarceration lacks a statutory basis, and constitutes a strictly penal sanction unrelated to any legislatively-approved conditions intended to promote a defendant's lawful conduct and rehabilitation.

Pursuant to CPL 400.10 (4), "[a]fter conviction and prior to sentencing the court may adjourn sentencing to a subsequent date and order the defendant to comply with any of the conditions" set forth in Penal Law §§ 65.10 (2) (a)-(f) and (l).  The presentence incarceration imposed by the court here is not one of the specific conditions provided for in 65.10 (2) (a)-(f).  Those conditions relate to law abiding conduct and rehabilitation.[2]

---

[1]The majority attempts to distinguish Rodney E. and Avery on the superficial ground that the defendants in those cases violated an illegal presentence condition, while here defendant's sentence is premised on his violation of a lawful no-arrest condition (majority op., at 3-4).  As illustrated in Rodney E. and Avery the dispositive and prefatory issue is the court's underlying authority to impose a condition post conviction and before sentencing (Rodney E., 77 NY2d at 673; Avery, 85 NY2d at 505).  Therefore, an illegal presentence condition, and its affect on the validity of the plea agreement, does not escape review because defendant complies with the condition.

[2] Under Penal Law §§ 65.10 (2) (a)-(f)
        "[w]hen imposing a sentence of probation or
        of conditional discharge, the court shall, as
        a condition of the sentence, consider

restitution or reparation and may, as a condition of the sentence, require that the defendant:

(a) Avoid injurious or vicious habits;

(b) Refrain from frequenting unlawful or disreputable places or consorting with disreputable persons;

(c) Work faithfully at a suitable employment or faithfully pursue a course of study or of vocational training that will equip him for suitable employment;

(d) Undergo available medical or psychiatric treatment and remain in a specified institution, when required for that purpose;

(e) Participate in an alcohol or substance abuse program or an intervention program approved by the court after consultation with the local probation department having jurisdiction, or such other public or private agency as the court determines to be appropriate;

(e-1) Participate in a motor vehicle accident prevention course. The court may require such condition where a person has been convicted of a traffic infraction for a violation of article twenty-six of the vehicle and traffic law where the commission of such violation caused the serious physical injury or death of another person. For purposes of this paragraph, the term 'motor vehicle accident prevention course' shall mean a motor vehicle accident prevention course approved by the department of motor vehicles pursuant to article twelve-B of the vehicle and traffic law;

(f) Support his dependents and meet other family responsibilities."

Nor does the presentence incarceration fit within the language of
65.10 (2) (l), which provides a court with the discretion to
require a defendant to "[s]atisfy any other conditions reasonably
related to [defendant's] rehabilitation."  Defendant's six months
in jail was not rehabilitative within the meaning of 65.10 (2)
(l), but rather quintessentially punitive.

The condition imposed on defendant is not authorized under
any other provision that might arguably permit incarceration.  He
was not incarcerated in accordance with Penal Law § 65.10 (2),
which allows the court to incarcerate a person who has taken a
plea for the limited purpose of providing medical or substance
abuse treatment.  Further, defendant correctly argues that the
condition imposed here does not fit under any version of a "split
sentence" because the court imposed an aggregate term of one year
of incarceration and a year of conditional discharge, which does
not comport with any periods allowed by law.  The court could
only have sentenced defendant to a maximum of six months and a
period of conditional discharge of no less than three years (see
Penal Law §§ 60.01 [2] [d], 65.00 [3] [a] [i], 65.05 [3] [a]).

Defendant's presentence confinement was likewise not in
accordance with a proper securing order under CPL 510.10 as the
Appellate Division determined.  That section is not intended to
apply to persons, like defendant, held post-conviction.  CPL
510.10 provides

> "[w]hen a principal, whose future court attendance at a criminal action or proceeding is or may be required, initially comes under the control of a court, such court must, by a securing order, either release him on his own recognizance, fix bail or commit him to the custody of the sheriff"

(CPL 510.10).  As the practice commentary states,

> "[t]his section is one of several in the CPL establishing the duty of the court to issue a securing order when a principal (as defined in CPL § 500.10 [1]) initially comes under its control in a criminal action or proceeding. For a defendant that means upon initial arraignment, unless of course the matter is finally disposed of at that time (see CPL §§ 170.10[7], 180.10[6], 210.15[6])"

(Peter Preiser, Practice Commentaries, McKinney's CPL § 510.10).

The provision applicable to post-conviction confinement is CPL 430.20 (3) (a), which allows for definite or intermittent sentences, "[i]n counties contained within New York City or in any county that has a county department of correction, commitment must be to the custody of the department of correction of such city or county."

For the reasons I have stated, there is no express statutory authority granting a court the discretion to impose a post-conviction, presentencing term of incarceration like the one imposed here.  As a consequence, defendant's six-month incarceratory "interim" condition is illegal.  Therefore, I dissent and would reverse the Appellate Division, vacate

defendant's plea, and remit for further proceedings.[3]

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order affirmed, in a memorandum.  Chief Judge DiFiore and Judges
Pigott, Abdus-Salaam, Stein, Fahey and Garcia concur.  Judge
Rivera dissents in an opinion.


Decided June 7, 2016

---

[3]Based on my conclusion that the plea should be vacated, I
do not address defendant's claims regarding the Outley hearing
and express no opinion on the majority's analysis on that matter.