OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was charged by indictment with criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), and menacing in the second and third degrees (Penal Law §§ 120.14 [1]; 120.15). After having been incarcerated for approximately six months during the pendency of his case, defendant accepted a plea agreement whereby he would plead guilty to criminal possession of a weapon in the third degree, a felony, and his sentencing would be delayed to give him a chance to withdraw his plea and replead to a lesser charge — criminal possession of a weapon in the fourth degree, a misdemeanor — and be sentenced to time served if he complied with certain conditions. If defendant failed to comply with these conditions, he would not be permitted to withdraw his guilty plea to the felony and would be sentenced to 2 to 4 years.
The plea conditions required defendant to first, be remanded to the New York City Department of Correction for an additional six months and, second, be released on his own recognizance for a set period of time prior to the sentencing *1101 date, during which time he could not be arrested or alleged to have violated an order of protection in favor of the complainants. Defendant completed the additional six months in jail, satisfying one condition of his plea agreement. After being released for over a year, however, defendant was arrested on the day of his sentencing.* After the court held a hearing pursuant to People v Outley (80 NY2d 702 [1993]), it imposed the promised 2-to-4-year prison sentence on the existing felony conviction.
Defendant failed to preserve his claim that his plea of guilty should be vacated because it was conditioned on an alleged illegal presentence condition that he remain incarcerated for an additional six months prior to sentencing. As we recently stated in People v Williams (27 NY3d 212, 214 [2016]), “[w]hen a defendant pleads guilty to a crime, he or she generally must move to withdraw the plea or otherwise object to its entry prior to the imposition of sentence to preserve a challenge to the validity of the plea for appellate review.” While this Court has recognized an “illegal sentence” as “a narrow exception to the preservation rule” (see People v Nieves, 2 NY3d 310, 315 [2004] [internal quotation marks and citation omitted]), the Appellate Division correctly held that the plea was not conditioned on an illegal sentence, nor was the actual sentence imposed illegal. Contrary to the dissent’s view, defendant’s case is procedurally distinguishable from People v Avery (85 NY2d 503, 504 [1995]) and People v Rodney E. (77 NY2d 672, 673 [1991]) (dissenting op at 1103-1104) in an important respect. In those cases, the issue was violation of an allegedly illegal presentencing condition that triggered defendant’s sentence. Here, defendant’s sentence was premised on a violation of an admittedly lawful presentence condition — he could not be arrested — and the issue of the propriety of the plea could certainly have been raised prior to sentencing. Thus, defendant’s challenge to the presentencing incarceration, which was not part of the sentence, is subject to the preservation rule (see Williams, 27 NY3d at 224).
With respect to the Outley hearing, the Appellate Division correctly concluded that the trial court’s finding and determination comported with the standard articulated in *1102 People v Outley (80 NY2d 702 [1993]). There, we held that “proof that defendant actually committed the postplea offense which led to the arrest is not necessary” (80 NY2d at 713). We further noted:
“When an issue is raised concerning the validity of the postplea charge or there is a denial of any involvement in the underlying crime, the court must conduct an inquiry at which the defendant has an opportunity to show that the arrest is without foundation. The nature and extent of the inquiry — whether through a summary hearing pursuant to CPL 400.10 or some other fair means — is within the court’s discretion. The inquiry must be of sufficient depth, however, so that the court can be satisfied — not of defendant’s guilt of the new criminal charge but of the existence of a legitimate basis for the arrest on that charge.” (Id. [citations omitted].)
Here, the judge heard testimony from the complainant and the arresting officer. Defendant also testified that the complainant had been the aggressor and had attacked him. The judge found that there was a legitimate basis for defendant’s arrest, implicitly rejecting defendant’s version of events, and that finding was adopted by the sentencing court. Thus, because defendant was given an opportunity to testify to his exculpatory explanation, and his testimony was evidently discredited by the court, the nature of the inquiry was sufficient under our Outley standard.

 Defendant was released on December 9, 2009 and was arrested on October 19, 2010. Despite his violation of the no-arrest condition, with the consent of the People and the court, his sentencing was deferred for an additional six months, to June 14, 2011, with the same no-arrest condition. Defendant was arrested on June 14, 2011, hours before his sentencing.