People v Davis (2025 NY Slip Op 03539)

People v Davis

2025 NY Slip Op 03539

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Moulton, J.P., González, Mendez, Pitt-Burke, Rosado, JJ. 

Ind. No. 6994/81|Appeal No. 4568|Case No. 2020-02475|

[*1]The People of the State of New York, Respondent,
v
Kevin Davis, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Bridget White of counsel), for respondent.

Order, Supreme Court, New York County (Daniel P. Conviser, J.), entered on or about February 6, 2020, which denied defendant's CPL 440.20 motion to set aside his sentence, unanimously affirmed.
The court providently exercised its discretion in summarily denying defendant's CPL 440.20 motion, as the moving papers did not allege any basis to set aside defendant's sentence (see CPL 440.30[4][a]). Although the sentencing court initially lacked the authority to impose interim probation in 1983 (see People v Rodney E., 77 NY2d 672, 674, 676 [1991]), defendant successfully completed that term and, at sentencing, the court lawfully sentenced him to five years of probation, in accordance with the court's promise during the plea proceedings. Over a year later, while defendant was serving this authorized term of probation, a jury found defendant guilty of rape in the first degree (see People v Davis, 127 AD2d 490 [1st Dept 1987], lv denied 70 NY2d 703 [1987]). As a result, in May of 1985, the court properly revoked his probationary sentence and sentenced him to a lawful prison term of 2&frac13; to 7 years (see Penal Law § 65.00[2]). Thus, defendant's sentence of incarceration resulted from a violation of his lawful term of probation and was not improperly based on any "violation of conditions the court was not authorized to impose" (People v Avery, 85 NY2d 503, 506 [1995]; see also Rodney E., 77 NY2d at 676; People v Vega, 105 AD3d 582, 583 [1st Dept 2013], lv denied 21 NY3d 1077 [2013]). THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025